## DUNLOP vs. EDWARDS.

3    341
159   369

Where a judgment was entered in the supreme court, upon a bond and warrant of attorney, before the code was passed, and that court, after the code took effect, denied a motion to set aside the judgment made on the ground that it was entered under a void authority, *held*, that no appeal from the order would lie to this court.

The third section of the "act to facilitate the determination of existing suits," giving a right of review in certain cases, does not authorize an appeal where the suit was terminated by judgment before the code took effect.

The "final orders" from which that section authorizes an appeal to this court, are, it seems, orders made in special proceedings, or upon summary application after judgment; and in the latter case the application, it seems, must con-

cede the validity of the judgment, and seek relief upon matter arising subse-quently.

Section 457 of the amended code of 1849, authorizes a review only in cases where the judgment, decree, or order appealed from, was entered before the code was passed, and where a right of review existed by the previous law.

APPEAL from the supreme court, where the case was this: On the 8th of June, 1847, Robert Dunlop and George Edwards entered into an agreement submitting certain accounts and differences between them to the arbitrament and award of one Haswell. On the same day, Frederick Edwards, the appellant, executed to Dunlop his bond, in the penalty of $6000, conditioned that George Edwards should pay the sum to be awarded, to the amount of $3000; and at the same time he gave a warrant of attorney, authorizing judgment to be entered against him on the bond. Judgment was accordingly entered on the said 8th of June, 1847.

In December, 1848, Frederick Edwards moved in the supreme court, at special term, to set aside the judgment, alledging among other things, that after he had executed the bond and warrant, but before judgment was entered thereon, the agreement to submit to arbitration had been altered by the parties thereto in certain material respects without his knowledge, the effect of which was to enlarge his liability on the bond and warrant. On this ground, he insisted that the bond and warrant ceased to be operative, and that the judgment was wholly unauthorised. The motion was denied, and the supreme court at general term in January, 1849, affirmed the decision. Frederick Edwards appealed to this court.

*N. Hill, Jr.* for appellant, in reply to an objection that the order was not appealable, insisted that the appeal was authorized by the code, being an appeal from "a final order, affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment." (*Code,* § 11, *subd.* 2.) (1.) The order was made at a general term of the supreme court, on the 25th of January, 1849; and therefore the *right* as well as *form* of appeal is governed by the code.

Dunlop *v.* Edwards.

(1 *Comst.* 423.) (2.) The order affected a substantial right, viz. the right of having an unauthorized judgment vacated; not for any mere irregularity in *practice*, but because it was entered under a void authority. (3.) The order is a summary proceeding in an action after judgment, and stands upon the same footing as an order denying a motion to set aside an execution which has been paid. (4.) The judgment record in such cases always imports the bringing of an action, and a confession of it. It is on its face the record of an action.

*H. G. Wheaton*, for respondent.

PRATT, J. The order of the supreme court denying the motion to set aside the judgment, is not an order from which a right to appeal is given under the code. This appeal was brought under the code of 1848, and it gives no appeal in cases of this kind.

I. The judgment was perfected in June, 1847. The code proper only applies to suits commenced after the first day of July, 1848. The supplemental act only makes certain provisions of the code, and among others, the right of appeal, applicable to *future proceedings* in *pending suits*. This court has repeatedly held, that when judgment had been perfected before the code took effect, the action could not be deemed pending within its provisions. (1 *Comst.* 426, 423 *and* 608.) The motion, therefore, was not a future proceeding in a *pending suit*.

II. The supplemental act restricts the right of appeal to judgments, decrees and final orders. Final orders in this act refer either to final orders in special proceedings in the nature of judgments, final decrees or final orders upon summary application after judgment. In the latter case, this court has held that it refers to some proceeding based upon the judgment or decree, and assuming its validity as a proceeding against the judgment debtor under section 247 or an application of a judgment creditor for the surplus on a foreclosure, and cases of that kind. (1 *Comst.* 187.)

III.    The 457th section of the code of 1849, does not affect the case.    That refers to judgments, orders and decrees made before the first day of July, 1848.    It also restricts the right of appeal to cases when a right of review existed before the code went into operation.    No such right in a case like this existed before the code.

The appeal should therefore be dismissed.

Appeal dismissed.