The GERMANIA SAVINGS BANK, Kings County, Appellant, *v.* The VILLAGE OF SUSPENSION BRIDGE, in the State of New York, Respondent.

1. APPEAL — RETROACTIVE RIGHT OF APPEAL IS BEYOND POWER OF LEGISLATURE. A right to appeal from a judgment which has passed through all the appellate courts that have jurisdiction to hear it, cannot be conferred by legislation.

2. STATUTORY CONSTRUCTION — PRESUMPTION AGAINST RETROACTION. In construing a statute, the presumption is that such a retrospective operation as to violate the Constitution by affecting rights already accrued was not intended, unless the words used admit of no other reasonable conclusion.

3. RIGHT OF APPEAL UNDER ACT FOR PROTECTION OF HOLDERS OF MUNICIPAL BONDS NOT RETROACTIVE. The provision of the act for the protection of *bona fide* holders of negotiable municipal bonds put in circulation through official misfeasance (L. 1895, ch. 792), to the effect that a party, or privy of a party, to any action upon such bonds, or upon coupons thereof, is given a right of appeal to the several appellate courts of the state, including "an appeal to the Court of Appeals, although the amount in controversy may be less than five hundred dollars," applies to those actions only in which the right of appeal had not been exhausted when the act was passed.

*Germania Sav. Bank* v. *Vil. of Suspension Bridge,* 73 Hun, 590, appeal dismissed.

(Argued May 2, 1899; decided June 6, 1899.)

Appeal from a judgment of the late General Term of the Supreme Court in the second judicial department, entered January 17, 1894, affirming a judgment for the defendant, entered upon the decision of the court after a trial without a jury. The appeal was brought in the name of the plaintiff by a privy acting under the authority of chapter 792 of the Laws of 1895.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Tracy C. Becker* for appellant. This appeal is well and properly taken, under the provisions of chapter 792 of the Laws of 1895, entitled "An act for the protection of *bona fide* purchasers and holders of coupon bonds," etc. (*Gardner* v. *Buckbee*, 3 Cow. 127; *Cromwell* v. *County of Sac*, 94 U. S. 351; *Krekeler* v. *Ritter*, 62 N. Y. 372; *Lorillard* v. *Clyde*, 122 N. Y. 41; *Reich* v. *Cochran*, 151 N. Y. 122; *Heiser* v. *Hatch*, 86 N. Y. 614.) The court erred in refusing to find that these bonds were genuine bonds which had been issued and uttered, and in finding to the contrary. (*N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 30; *F. A. Bank* v. *F. S. S. & G. S. F. R. R. Co.*, 137 N. Y. 231; L. 1875, ch. 181, § 8; L. 1881, ch. 175, § 2.) The rule in respect to negotiable instruments as between private individuals is the same when municipal corporations are to be dealt with, and the court below erred in dismissing plaintiff's complaint. (Dillon on Mun. Corp. § 513; *Titus* v. *Prest., etc.*, 61 N. Y. 237; *Town of East Lincoln* v. *Davenport*, 95 U. S. 801; *Johnston* v. *Thayer*, 94 U. S. 631; *Grandchute* v. *Winegar*, 15 Wall. 355; *R. R. Co.* v. *Otto County*, 1 Dill. 338; *Belo* v. *Forsyth County*, 76 N. C. 489; *Belock* v. *Cullen*, 52 Ga. 621; *Lane* v. *Schout*, 20 N. J. 82; *Allan* v. *D., etc., R. R. Co.*, 3 Woods, 316; *Foot* v. *Hancock*, 15 Blatch. 343.)

*W. E. Willey* for respondent. The appeal should be dismissed. (Code Civ. Pro. § 191; *Burch* v. *Newbury*, 10 N. Y. 374; *Dash* v. *Van Kleeck*, 7 Johns. 477; *N. Y. & O.*

*M. R. R. Co.* v. *Van Horn*, 57 N. Y. 473; *Benton* v. *Wickwire*, 54 N. Y. 226; *Dunlop* v. *Edwards*, 3 N. Y. 341; *Luhrs* v. *Eimer*, 80 N. Y. 171; *Westervelt* v. *Gregg*, 12 N. Y. 202; *Henry* v. *Brooklyn Benevolent Society*, 39 N. Y. 333; *Mann* v. *Eckford*, 15 Wend. 519.) The bonds in suit never had a valid inception; they were stolen before delivery and are void. (*Kinne* v. *Ford*, 52 Barb. 194; *Hall* v. *Wilson*, 16 Barb. 548; *Marvin* v. *McCullom*, 20 Johns. 288; *Eastman* v. *Shaw*, 65 N. Y. 522; *Lansing* v. *Gaine*, 2 Johns. 300; *Coddington* v. *Gilbert*, 17 N. Y. 489; *Barson* v. *Huntington*, 21 Mich. 416; *Blazendale* v. *Bennett*, L. R. [3 Q. B. D.] 531; *N. E. Bank* v. *Veneman*, 43 Hun, 241; *Horton* v. *Town of Thompson*, 71 N. Y. 513.) The defendant is not liable for negligence of the board. (*Horton* v. *Town of Thompson*, 71 N. Y. 513; Dillon on Mun. Corp. [4th ed.] §§ 974–978; *Maxmillian* v. *Mayor, etc.*, 62 N. Y. 160; *Connors* v. *Mayor, etc.*, 11 Hun, 439; *Russell* v. *Mayor, etc.*, 2 Den. 461; *Smith* v. *City of Rochester*, 76 N. Y. 506; Tiedman on Mun. Corp. § 92.)

VANN, J. This action was brought to recover the interest alleged to have become due on the first days of January and July, 1888, on four coupon bonds for $500 each, known as Suspension Bridge water bonds, bearing the numbers 234 to 237, inclusive. The defense alleged in the answer is that bond No. 237 had never been issued at all; that the other bonds had never been legally issued, and that all of them, after they had been engraved and signed, were feloniously abstracted from the possession of the board of water commissioners and sold without authority, before they had a legal inception.

Upon the trial it appeared that the defendant's board of water commissioners, acting under the authority conferred by chapter 181 of the Laws of 1875 and chapter 80 of the Laws of 1882, after duly adopting the proper resolutions to borrow money and issue bonds therefor in order to construct water works for the defendant, had caused the bonds with interest coupons annexed to be duly engraved and had signed the

same for the purpose of issuing them. The first series included the numbers in question, but No. 237 was never issued in any way, while the other numbers were not sold, but were at one time delivered as collateral security to a debt of the board with the understanding that they were to be redeemed at an early day. Subsequently they were redeemed by and restored to the possession of the board, which ordered them destroyed, and supposed their order had been complied with. The board had no authority under the statute to dispose of the bonds by using them as collateral.

About the first of July, 1885, and after the three bonds had come back into the possession of the board, the fourth having always been in its possession, one Homan, the treasurer of the board, sold the four bonds at a discount of two per cent to Charles E. Clark, of Buffalo. No part of the proceeds of the sale was received by or came into the possession of the board or the defendants. In thus selling the bonds Homan neither acted nor claimed to act as treasurer of the board, but represented that he was acting for a third party, who owned them. Subsequently Mr. Clark sold them to a broker in New York, who in turn sold them to the plaintiff. The interest was paid upon them until July 1, 1887, when default was made and none has since been paid. No interest was paid by authority of the board, and it does not appear by whom any payment was made, although it is supposed to have been through Homan in order to prevent discovery.

The trial judge, after finding that said bonds were never delivered or intended to be delivered by the board for sale, and that the plaintiff was a *bona fide* purchaser, directed judgment for the defendant, dismissing the complaint upon the merits, with costs.

Upon appeal to the General Term judgment was affirmed and formal judgment of affirmance was duly entered on the 17th of January, 1894. As the amount demanded in the complaint was less than $500, no appeal could be taken to the Court of Appeals, as the law then stood, without permission of the General Term. (Code Civ. Pro. § 191; L. 1871, ch.

282, § 8; L. 1874, ch. 322, § 1.) Accordingly a motion was made at the term at which the appeal was decided for leave to appeal to the Court of Appeals, but the same was opposed by the defendant, and on the 16th of February, 1894, was denied. More than a year passed before any attempt to appeal to this court was made.

On the 27th of May, 1895, an act was passed by the legislature entitled " for the protection of *bona fide* purchasers and holders of coupon bonds and of municipal corporations against misfeasance, malfeasance or negligence of public officers." (L. 1895, ch. 792.) It authorizes any *bona fide* holder of negotiable bonds, put in circulation by means of the misfeasance, malfeasance or negligence of any public officer, whose right of recovery thereupon " has been or shall be determined by the judgment of a court of competent jurisdiction," to begin an action against such officer for the recovery of all damages which the holder " shall have suffered because of the misfeasance, malfeasance or negligence of such public officer."

A similar right of action is given to any municipal corporation " which has been or shall be compelled to pay any negotiable bond, or any coupon originally attached to such bond, by the judgment of a court of competent jurisdiction, because ·of " such misfeasance, etc. After these provisions, section 4 declares that " in any suit or action upon any coupon or coupons hereinbefore mentioned, or upon any bonds hereinbefore mentioned, or to recover any damages hereinbefore mentioned, any party to such action shall have and is hereby granted a right of appeal, to the General Term or Appellate Division of the Supreme Court from the judgment of any trial court, or to the Court of Appeals from any judgment of the General Term or of the Appellate Division of the Supreme Court, although the amount in controversy in such action has been or may be, less than $500. Appeals from any inferior court to any appellate court, including an appeal to the Court of Appeals although the amount in controversy may be less than $500, from any judgment in any suit or action to recover against any municipal corporation or civil division of this state

upon any negotiable bonds or upon any coupon originally attached thereto, issued or put in circulation by the agents or officers of such municipal corporation or civil division of this state, may be taken by any person who has been or shall be bound as a privy by such judgment within sixty days after such privy shall have been served by any of the parties to such civil action, with a copy of the said judgment and with a written notice of the entry thereof, and said appeal may be taken in the name of such party without entering an order of substitution as such party by said person so bound as a privy," upon his giving certain security prescribed by the act. The section also provides that the "appeal when so taken by said privy shall be conducted and determined in the same manner as if taken by said party of the said action, except as herein otherwise provided."

Acting under this statute, Mr. Clark, the purchaser of the bonds in question, on the 8th of July, 1895 gave the security required and served a notice of appeal to this court from the judgment of the General Term, entered on the 17th of January, 1894. He stated in the notice of appeal that he brought the same in the name of the plaintiff as a privy bound by the judgment appealed from, written notice of the entry of the same having been served upon him by the plaintiff on the 17th of June, 1895, pursuant to said act for the protection of *bona fide* purchasers.

The respondent now moves to dismiss the appeal upon the ground that we have no jurisdiction to hear it, because the statute under which it was taken should not be so construed as to operate retrospectively and take away a vested right, and that if so construed it is unconstitutional, because it deprives the defendant of property without due process of law.

If the act under consideration does not operate retrospectively, the appeal is not regularly before us and should be dismissed. If it does act retrospectively it may deprive the defendant of a vested right in property, and to that extent is forbidden by the Constitution. (Const. art. 1, § 6.) The legislature has control of remedies so far as they affect existing

actions. This control includes the power to extend the time to appeal, or to grant a new right of appeal, provided some time yet remained, according to the law in force when the legislature acted, within which an appeal might have been taken. If, however, according to the law existing when the statute extending the time to appeal, or granting a new right of appeal, was passed, the judgment had become final and unalterable, because no further right of appeal existed, then the judgment conferred a vested right and was property of which the owner could not be deprived by an act of the legislature, or otherwise than through due process of law. An appeal brought pursuant to a statute which authorizes an appeal after the time provided by law had expired, or authorizes a further appeal after the only appeal authorized by law had been brought and finally decided, although it might result in the reversal of the judgment and be in form a judicial proceeding, would not be what is known as due process of law, which is not satisfied by a judgment based upon an unconstitutional statute.

A judgment is a contract which is subject to interference by the courts so long as the right of appeal therefrom exists, but when the time within which an appeal may be brought has expired, it ripens into an unchangeable contract and becomes property, which can be disposed of or affected only by the act of the owner, or through the power of eminent domain. It is, then, beyond the reach of legislation affecting the remedy, because it has become an absolute right which cannot be impaired by statute. Remedies may be modified even as to pending actions, but no action can be regarded as pending when it has expanded into a judgment and the time to appeal has expired, or the only appeal allowed by law has been taken and decided. It is then no longer depending, because there is nothing further that can be done to affect the rights of the parties. As a claim, against which the Statute of Limitations has fully run, cannot be revived by legislation, so a right to appeal from a judgment, which has passed through all the appellate courts that have jurisdiction to hear

it, cannot be conferred by legislation. According to the law in existence when the statute under consideration was passed, the judgment which we are now asked to review had become final in every sense and was the property of the defendant, the same as the money in its treasury. The following authorities sustain the principle upon which these conclusions rest: *Burch* v. *Newbury* (10 N. Y. 374, 394); *Dunlop* v. *Edwards* (3 N. Y. 341); *Benton* v. *Wickwire* (54 N. Y. 226); *People ex rel. Grissler* v. *Fowler* (55 N. Y. 675); *N. Y. & Oswego M. R. R. Co.* v. *Van Horn* (57 N. Y. 473); *Luhrs* v. *Eimer* (80 N. Y. 171); *Wheeler* v. *Jackson* (137 U. S. 245); *Piatt* v. *Vattier* (1 McLean, 146); *Bigelow* v. *Bemis* (2 Allen, 496); *Ryder* v. *Wilson* (41 N. J. L. 9, 11); *Davis* v. *Minor* (2 Miss. 183); *Bradford* v. *Brooks* (2 Aiken, 284); *Stipp* v. *Brown* (2 Ind. 647); Cooley's Const. Lim. (5th ed.) 448, 455.

We do not think, however, that the legislature intended to give a new right of appeal to a party, or a privy to a party, who had carried his action through all the courts open to him at the time, and had been finally defeated, so that his action was not pending, but was irrevocably determined when the statute in question was passed. It is the duty of courts to assume that the legislature did not intend to violate the Constitution, and to so construe this statute as to bring it within constitutional limitations, if possible. The presumption is that such a retrospective operation as to affect rights already accrued was not intended, unless the words used admit of no other reasonable conclusion. As was said by Judge Earl in an important case, "it is always to be presumed that a law was intended, as is its legitimate office, to furnish a rule of future action to be applied to cases arising subsequent to its enactment. A law is never to have retroactive effect unless its express letter or clearly manifested intention requires that it should have such effect. If all its language can be satisfied by giving it prospective operation, it should have such operation only." (*N. Y. & Oswego M. R. R. Co.* v. *Van Horn, supra*, citing *Dash* v. *Van Kleeck*, 7 J. R. 499; *Berley* v. *Rampacher*, 5 Duer, 183; *Sayre* v. *Wisner*, 8 Wend. 662;

47

*Palmer* v. *Conly,* 4 Denio, 376 ; *Calkins* v. *Calkins,* 3 Barb. 305 ; *Jackson* v. *Van Zandt,* 12 J. R. 168 ; *People* v. *Supervisors of Columbia County,* 10 Wend. 363 ; *Hackley* v. *Sprague,* Id. 114.)

The words used in the statute do not show an unmistakable intention on the part of the legislature to reach back, without limit, and give a right of appeal in all actions brought upon municipal bonds, even if they had been quieted by final judgments rendered years and years ago, without further right of appeal.   That would not be a reasonable construction in view of the presumption already referred to.   The language of the statute warrants the conclusion that it was the intention of the legislature to simply grant the right of another appeal in actions pending when it took effect, or, in other words, to enlarge an existing remedy.   The reference to the past, so far as the point under consideration is concerned, is satisfied when limited to judgments from which an appeal to some court could still have been taken according to the law in force when the statute took effect.   As to such judgments, the subject was within the control of the legislature, for so long as a right to appeal still existed, that right could be extended not only in point of time, but of jurisdiction also.

We think the act applies to those actions only in which the right of appeal had not been exhausted when it was passed, and hence that the motion to dismiss should be granted, with costs.

All concur, except O'Brien, J., not voting.

Appeal dismissed.