ticable to place the same in the competitive or noncompetitive class. This meant that the respondents before placing the position in the exempt class should in good faith ascertain and determine that it was impracticable to place the position in the competitive or noncompetitive class. As stated in Hale v. Worstell, 185 N. Y. 247, 252, 77 N. E. 1177, 1178 (113 Am. St. Rep. 895):

"The Constitution clearly contemplates that all appointments and all promotions shall be made according to merit and fitness to be ascertained by competitive examination unless it is in good faith found that it is impracticable so to determine the relative merit and fitness of persons for a particular position or employment."

In view of these provisions of the Constitution and of the Civil Service Law, the respondents could not arbitrarily, upon the request of the Comptroller, and ignoring the question of whether a competitive examination was practicable to fill the position, transfer the appointment from the competitive class to the exempt class. A decision so made would be invalid.

[2] From the brief of the respondents it appears that the respondents claim that the office of transfer tax appraiser has been classified as exempt through the various state administrations since the year 1890 with the exception of the period of sixteen months hereinbefore referred to, and that such change of classification was made by the respondents in good faith, after full investigation, and for the reason that it was found to be impracticable to determine by competitive examination as to the merit and fitness of persons for such position. But these allegations of the respondents are no part of the record, and cannot be considered by the court upon this appeal.

In view of the admission by demurring of the truthfulness of the allegations of the writ, we think the Special Term was in error in sustaining the demurrer and quashing the writ, and that the demurrer should have been overruled, but with permission to the respondents to file a return, should they so desire, in which they could set up the facts claimed by them, and the questions at issue be determined upon the merits.

The order appealed from should be reversed and demurrer overruled, with permission to respondents to withdraw demurrer and file a return within 20 days after the service of a copy of the order of reversal. All concur.

---

(79 Misc. Rep. 61.)

### LEWIS et al. v. TOWNSEND et al.

(Supreme Court, Special Term, New York County. January, 1913.)

NEW TRIAL (§ 177*)—EJECTMENT—NEW TRIAL AS OF RIGHT.

A judgment in ejectment rendered prior to repeal of Code Civ. Proc. § 1525, providing that within three years after filing of judgment roll the court must on application vacate the judgment and grant a new trial, is conclusive, and a motion to vacate after such repeal will be denied.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 344; Dec. Dig. § 177.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Grace E. Lewis and others against Charles De Kay Townsend and others. Judgment for plaintiffs. Motion to vacate and set aside judgment, and grant a new trial. Denied.

See, also, 132 App. Div. 347, 117 N. Y. Supp. 48.

Robert B. Honeyman, of New York City, for plaintiffs.

Mortimer S. Brown, of New York City (Braddin Hamilton, of Manhattan, of counsel), for defendant Charles De Kay Townsend.

Calvin D. Van Name, of New York City, for defendant L. Bradford Prince.

PAGE, J. This is an application by the defendants for an order vacating and setting aside a judgment in an action for ejectment and granting a new trial of the action. Judgment was entered herein after a trial of the issues on December 24, 1909. By section 1524 of the Code of Civil Procedure, as it then existed, this judgment was final and conclusive as to the title established in the action upon the parties and their privies, "except in a case where it is otherwise expressly prescribed in this act." Referring to section 1525, which provided that at any time within three years after such a judgment is rendered and the judgment roll filed the court must, upon application made as therein directed, make an order vacating the judgment and granting a new trial. The Legislature repealed sections 1525, 1527, 1528, and 1530, and amended sections 1524, 1526, and 1529 by chapter 509 of the Laws of 1911, which became a law June 28, 1911, and took effect on September 1, 1911. The defendants claim that notwithstanding this change in the law they have the right to a new trial under section 1525; and in support thereof contend that the right to a new trial is a vested right in real estate of which they could not constitutionally be deprived, and, second, that the act of 1911 was not retroactive, and therefore did not apply to judgments theretofore recovered within a period of three years. In support of their position the defendants cite Bay v. Gage, 36 Barb. 447, which was an appeal from an order refusing a new trial in an ejectment action. The judgment had been entered upon the report of a referee. By the statute, as it then existed, the right to a new trial only obtained when the judgment was entered "upon a verdict." The Legislature, by amendment, struck out the words "upon a verdict," thus making the statutory right to a new trial applicable to all judgments in ejectment. A motion was thereupon made to set aside the judgment entered some months before the amendment and for a new trial, but the court held the motion could not be granted; that the statute had no retroactive force, and did not give a right to a new trial in a case where the rights of the parties had been definitely settled according to the law as it existed at the time the court entered the judgment. This case, however, is not an authority upon this application. The fundamental distinction between the two cases is that in Bay v. Gage there was no right to a new trial when the judgment was rendered, while in this case there was. The judgment herein determined the rights of the parties unless a new trial should be granted within a period of three years. During that time, for that purpose, the action was pending, and not finally determined. The right to a new trial is a

right by that means to a review of the former trial and was not a primary right, but had to do only with the remedy. It grew out of and was created by statute, and hence could be taken away by the Legislature. People ex rel. Grissler v. Fowler, 55 N. Y. 675; Matter of Palmer, 40 N. Y. 561; Laird v. Carton, 196 N. Y. 169, 89 N. E. 822, 25 L. R. A. (N. S.) 189. Where, however, there was no right to a new trial at the time the judgment was rendered, the judgment becomes final and unalterable, and confers a vested right in the owner thereof, which is a property right of which he cannot be deprived by a subsequent act of the Legislature. As the Court of Appeals said in regard to a judgment from which no further right of appeal existed at the time it was rendered, and subsequently the Legislature gave a further right to appeal in such actions:

"A judgment is a contract which is subject to interference by the courts so long as the right to appeal therefrom exists, but, when the time within which an appeal may be brought has expired, it ripens into an unchangeable contract and becomes property, which can be disposed of or affected only by the act of the owner, or through the power of eminent domain. It is, then, beyond the reach of legislation affecting the remedy, because it has become an absolute right which cannot be impaired by statute. Remedies may be modified even as to pending actions, but no action can be regarded as pending when it has expanded into a judgment and the time to appeal has expired, or the only appeal allowed by law has been taken and decided. It is then no longer depending, because there is nothing further that can be done to affect the rights of the parties." Germania Savings Bank v. Village of Suspension Bridge, 159 N. Y. 362, 368, 54 N. E. 33, 35.

The amendment of 1911 was not retroactive. On September 1, 1911, the right to apply for a new trial in ejectment actions ceased. Where an application had been made prior to that time and the order granted, the trial could be had, but, unless such application were made prior to that time, the remedy of review by that method ceased to exist. By the amendment to section 1524, striking out the exception, the judgment in an action of ejectment rendered upon a trial of an issue of fact is conclusive as to the title established in the action upon each party against whom it is rendered and every person claiming from, through, or under him. Nor is there any merit in the defendants' contention that, as section 1529 was not repealed, it showed that the Legislature recognized the right to vacate under section 1525 judgments which had been recovered prior to September 1, 1911; for we find that the Legislature, by amendment, eliminated the words from section 1529 "except as prescribed in section 1525 and section 1526 of this act," thus showing clearly that final judgments in ejectment were placed in the same class with all other judgments and liable to be vacated by appeal, by motion for a new trial on newly discovered evidence, or under sections 1282 to 1287 of the Code of Civil Procedure, and, if so vacated, provision with respect to the possession of the property was made. The judgment entered herein on December 24, 1909, is final and conclusive, and this application to vacate it and for a new trial must be denied.

Motion denied.