In the Matter of the Claim of GEORGE W. TIPTON, Respondent, against LANG'S BAKERY, INC., Employer, and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 5, 1937.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*William M. Fay* of counsel], for the appellants.

*John J. Bennett, Jr.,* Attorney-General [*Leon Freedman,* Assistant *Attorney-General,* of counsel], for the respondent, State Industrial Board.

McNAMEE, J. The claimant was twice injured in his employment, first on December 4, 1926, when he fell down stairs, and again December 24 of the same year, when he fell getting out of a wagon. As a result, he suffered partial disability, and awards of compensation were made, and paid by the employer. On December 16, 1931, an agreement for a lump sum payment of $900 was approved by the Board, and paid by the employer, and the case closed.

On July 1, 1935, the case was reopened, and an award of sixteen dollars and four cents per week for permanent total disability was made on November 27, 1935, which was affirmed by the State Industrial Board on May 7, 1936. In its latter decision and in the findings, the State Industrial Board held that this claim did not come within the provisions of section 25-a of the Workmen's Compensation Law, which provides for the payment of awards out of the Special Fund created by that section, and not by the employer. From these decisions the employer and insurance carrier appeal.

It is not questioned that the case was reopened more than seven years after the date of the accident, and more than three years after the last payment of compensation; and likewise it is not denied that the case was closed on the payment of the lump sum, and that this proceeding, or any application to open the case, was not pending on April 24, 1933. Were that the case presented, there could be no doubt that the award was payable out of the Special Fund, and not by the employer. (*Matter of Ryan* v. *American Bridge Co.*, 243 App. Div. 496; affd., 268 N. Y. 502.)

But there are further considerations. The State Industrial Board insists that an amendment to the statute in question (Laws of 1935, chap. 482) extended the time to reopen, in the case of a lump sum payment, to the date when the last payment would be made had such an amount been ordered paid in weekly installments; and, accordingly, in this case, the three-year period from the date of the last payment of compensation did not expire until January, 1936, instead of December 16, 1934, which latter date was three years from the date on which lump sum payment was actually made. The effective date of the amendment was April 25, 1935.

The State Constitution (Art. 1, § 19) gives the Legislature power to pass laws not only for the payment of compensation to an injured employee by an employer directly or through an insurance system, but it also provides for legislation " for the adjustment, determination and settlement * * * of issues which may arise under such legislation." Under the provisions of the Workmen's Compensation Law, and in the exercise of the judicial functions thereby conferred, the State Industrial Board

approved and directed the payment by the employer of a lump sum, and closed the case. Upon that decision and payment the case was adjusted and determined under the law then in force. The case not being open, and no application for reopening having been made, on April 24, 1933, when section 25-a became effective, the case still remained adjusted and determined. And by the terms of that statute the rights of the parties hereto became fixed three years after the last payment of compensation, and seven years after the accident, viz., December 24, 1934. Thereupon the employer had fulfilled all of the terms of the Workmen's Compensation Law, and met all the obligations imposed thereby. The employer then stood relieved of all liability to make further payments in this case; and the Workmen's Compensation Law no longer applied to it. And any liability herein for payments that might thereafter arise, by reason of subsequent awards, was transferred to the Special Fund.

But the State Industrial Board contends that the subsequent amendment of 1935 was retroactive, and revived the liability of the employer which had thus terminated; that the release accorded to the employer, upon the payment of the lump sum, was a mere privilege which could be recalled; and, in any event, that the three-year period was only a Statute of Limitations which could be extended.

It will be observed that the amendment itself made no reference to cases in which liability had ceased at the time of the enactment, contained no provision and gave no indication that it was intended to be retroactive, but on the contrary the act stated, "This act shall take effect immediately." "A law is never to have retroactive effect unless its express letter or clearly manifested intention requires that it should have such effect. If all its language can be satisfied by giving it prospective operation, it should have such operation only." (*Germania Savings Bank* v. *Suspension Bridge, post*, p. 369.) Section 25-a was passed in its original form April 24, 1933, and contained a provision that it should be retroactive, "except as to *payments into* the Special Fund," that is, payments thereto by employers. And as to such payments it was expressly prospective. It was clearly the intent of the Legislature by this provision to bring within the benefits of the statute claimants with "stale" cases, and to insure their compensation by *payments out of* the Special Fund. It was for the benefit of such claimants that the statute was passed and the fund set up. (*Matter of Ryan* v. *American Bridge Co., supra*, 498.) Otherwise, many awards in stale cases never would be paid, such as those where the employer

had gone out of business, had left the jurisdiction, died without means, or the insurance carrier had become insolvent. As to these appellants the amendment was not retroactive.

There is little if any force in the contention of the Board that the release of the employer from his liability was a mere privilege that could be withdrawn. The employer was required to pay a lump sum of $900 in advance, with the understanding and pursuant to the statutory provision that all liability would be transferred to another obligor after the lapse of three years. That proceeding did not bear the hallmark of privilege, but involved rather the exercise of judicial function by the Board, and the pursuit of a legal right by the employer.

The Board urges that the three-year period within which a case could be reopened was a mere statute of limitations, and that the Legislature saw fit to extend this time, after it had run. On the day before the amendment was adopted the employer had a complete defense against any liability for the award under review. This defense took the form of a decision of the State Industrial Board, made pursuant to the statute then in force, relieving it from liability, and closing the case. This decision was a final adjudication by a competent tribunal, pursuant to law, and was, therefore, equivalent to a final judgment. By virtue of section 25-a it was not subject to being opened after the periods mentioned of three years and seven years. In this defense the defendant had a property right, as much as though it were a cause of action, and it was not subject to being taken away, except upon the act of the employer, or due compensation made. (*Germania Savings Bank* v. *Suspension Bridge,* 159 N. Y. 362; *Matter of Greene,* 166 id. 485; *Livingston* v. *Livingston,* 173 id. 377; *Hopkins* v. *Lincoln Trust Co.,* 233 id. 213, 215; *Board of Education* v. *Blodgett,* 155 Ill. 441; 40 N. E. 1025.)

The decision and award should be reversed as against the appellants and the case remitted to the State Industrial Board, to make award against the Special Fund, with costs.

RHODES and CRAPSER, JJ., concur; HILL, P. J., dissents, with an opinion in which BLISS, J., concurs.

HILL, P. J. (dissenting). Under the provisions of section 25-a of the Workmen's Compensation Law " after a lapse of seven years from the date of the injury * * * and also a lapse of three years from the date of the last payment of compensation, provided, however, that where the case is disposed of by the payment of a lump sum the date of last payment for the purpose of this section shall be considered as the date to which the amount

paid in the lump sum settlement would extend if the award had been made on the date the lump sum payment was approved at the maximum compensation rate the employee's earnings would warrant " awards are to be made against the Special Fund. The statute, by its terms, is retroactive. In this case three years have not elapsed since the last payment of compensation as " payment " is defined in the foregoing quotation. The injury occurred, the award was made and the lump sum paid long before section 25-a in its original form was enacted. (Laws of 1933, chap. 384.)

The manner of computing the time of payment of a lump sum was added to the statute in 1935 (Chap. 482). Previously the three-year period began on the day of the payment. The State voluntarily assumed the payment of awards after the expiration of the periods mentioned. The carrier was relieved from an obligation which it had incurred and for which it had been paid. It now asserts a vested right to have the State continue to be generous. Apparently the surplus in the rehabilitation fund which was made up of awards paid by carriers was not needed for the purpose fixed by subdivision 9 of section 15, and the State in a spirit of fairness made a part of the surplus available to relieve employers and carriers from liability in connection with certain reopened cases. If it is to be determined that the carrier has a vested right under section 25-a to have the gifts continue without change in accordance with the section as first enacted, then it will be the obligation of the State for all time to discharge a portion of the carrier's obligation, and this although the surplus in the rehabilitation fund and the contributions made under section 25-a are exhausted and funds are obtained from general taxation. It seems a novel doctrine that a donor's largess gives to the donee a vested right to have a gift once made repeated and continued for all time without change or diminution.

BLISS, J., concurs.

Decision and award reversed as against the appellants, and matter remitted to the State Industrial Board to make an award against the Special Fund, with costs against the Board.