FRANK L. SHADE, PLAINTIFF-APPELLANT, v. SAMUEL BAYARD COLGATE, SOMETIMES KNOWN AS S. BAYARD COLGATE, ETC., ET AL., DEFENDANTS-RESPONDENTS.

Argued October 17, 1949—Decided November 7, 1949.

92

*Mr. Edward J. O'Mara* argued the motion for the respond-
ents (*Messrs. O'Mara, Conway & Schumann,* attorneys).

*Mr. Alfred L. Kettell* argued the motion for the appellant; *Mr. John J. Fallon* and *Mr. Cornelius P. Colter,* of the New York Bar, on the brief.

The opinion of the court was delivered by

OLIPHANT, J.   This is a motion to dismiss an appeal for lack of jurisdiction by this court.

The action was instituted in the Court of Chancery on February 27, 1943.   The cause was referred to a Master who filed his Report on September 9, 1948.   Objections were taken to the Master's Report by the appellant and on December 20, 1948, the Superior Court, Chancery Division, overruled the objections and entered a final judgment in favor of the respondents, approving the Master's Report.

On January 3, 1949, the appellant filed a notice of appeal to the Appellate Division of the Superior Court and on July 2, 1949, that tribunal unanimously affirmed the judgment of the Chancery Division.   On August 19, 1949, appellant filed a notice of appeal from that judgment to this court.

The respondent moves to dismiss the appeal on the ground that this court is without jurisdiction because no appeal lies to this court from such judgment under the Constitution, the statutes or the rules of the Supreme Court.

It is conceded that the appellant has no express constitutional right of appeal by virtue of Article VI, section V, paragraph 2, Constitution (1947) and that the appellant would have had the right to appeal from a decree of the Court of Chancery to the Court of Errors and Appeals under Article VI, section 1, paragraph 1, Constitution (1844).

The appellant admits the so-called "Transfer of Causes Act." *P. L.* 1948, *c.* 367, fails to expressly or specifically allow an appeal under the circumstances here presented but argues the statute is remedial and should be broadly construed so as not to deprive him of what he alleges is his "vested" right of appeal which he had by virtue of the Constitution (1844).

The appellant relies on Article XI, section 1, paragraph 4, and the opinion of this court in *Giordano v. City Commission of City of Newark,* 2 *N. J.* 585 (*Sup. Ct.* 1949).

In that case we pointed out that section 12, *P. L.* 1948, *c.* 367, applied only to appeals from adjudications made prior to September 15, 1948, provided such appeals were taken within the time limited for such appeals. We made it equally clear that the Constitution (1947) gave to each aggrieved party only one appeal as a matter of right; and that section 13 preserved a right of appeal to this court from judgments of the Appellate Division in appeals which were pending on September 15, 1948, where an appeal could have been taken to the Court of Errors and Appeals from the former Supreme Court had the Constitution (1947) not been adopted. As a matter of construction, we held that a review by *certiorari* was in fact an appeal where the *certiorari* is considered in the nature of a writ of error or an appeal. If we had not so held a right of appeal from a judgment, which was technically a final judgment in a court of original jurisdiction, would have been unintentioanlly abrogated.

*P. L.* 1948, *c.* 367, § 12, allows a direct appeal to this court from a Court of Chancery decree, interlocutory or final, entered prior to September 15, 1948, and as to such causes preserved the right of appeal direct to the court of last resort which existed under Article VI, section 1, paragraph 1, Constitution (1844). Under Article VI, section V, paragraph 2, Constitution (1947), an appeal from a judgment of the Superior Court, Chancery Division, must be taken to the Appellate Division of the Superior Court. Both the Constitution (1947) and the statute allow but this one appeal as of right from Chancery Division judgments entered subsequent to September 15, 1948, in lieu of a direct appeal to this court theretofore permissible under the Constitution (1844).

If a judgment of the Appellate Division on appeal from a judgment of the Chancery Division does not fall within the classes defined in Article VI, section V, paragraph 1, (a) and (b), an appeal from such judgment is not cognizable by this court until it is certified pursuant to paragraph 1 (d) of the same section. An appeal from a judgment of the Chancery Division may likewise be certified directly to this court under paragraph 1 (d) of the section.

The appellant insists, however, that the constitutional provisions and the statute can only apply prospectively from September 15, 1948, because otherwise there will be unconstitutional impairment of the jurisdiction of a constitutional court and the appellant will thereby be deprived of a vested right of appeal. He argues his right of appeal to a court of last resort became vested in 1943, at the time his action was instituted in the Court of Chancery and remained vested during the pendency of that action.

By the great weight of authority, a party can acquire no vested right to an appeal or other proceeding for review; it is a mere matter of further and additional remedy which may be accordingly taken away by a retroactive statute or constitutional amendment, 12 *C. J.*, § 588, *p.* 986; 11 *Amer. Juris.*, § 374, *p.* 1202; 2 *Cooley's Constitutional Limitations* (*8th Ed.*), *pp.* 794, 840, and in the absence of a constitutional guaranty a party to a suit has no vested right of appeal or writ of error from one court to another. *Ex parte McCardle,* 74 *U. S.* 506, 19 *L. Ed.* 264; *Baltimore and Potomac Railroad Company v. Grant,* 98 *U. S.* 398, 25 *L. Ed.* 231; *Gwin v. United States,* 184 *U. S.* 669, 46 *L. Ed.* 741, 22 *S. Ct.* 526 (1902); *Crane v. Hahlo,* 258 *U. S.* 142, 66 *L. Ed.* 514, 42 *S. Ct.* 214 (1922); *Germania Savings Bank v. Suspension Bridge,* 150 *N. Y.* 362, 54 *N. E.* 33, 34 (1899); *Griffin v. Sisson,* 146 *Ga.* 661, 92 *S. E.* 278, *p.* 280 (1917). There is no denial of due process if one remedy is abolished and a substantial and reasonably efficient remedy is substituted in its place. 11 *Amer. Juris.*, § 374, *p.* 1202; 1 *Cooley's Constitutional Limitations* (*8th Ed.*), *p.* 587.

The only time the right to a particular remedy or an appeal vests is when the time within which an appeal may be taken has expired. We are in accord with the holding of the New York Court of Appeals in *Germania Savings Bank v. Suspension Bridge, supra,* where Judge Vann speaking for that court said "A judgment is a contract which is subject to interference by the courts so long as the right of appeal therefrom exists, but, when the time within which an appeal may be brought has expired, it ripens into an unchangeable con-

tract, and becomes property, which can be disposed of or affected only by the act of the owner, or through the power of eminent domain. It is then beyond the reach of legislation affecting the remedy, because it has become an absolute right, which cannot be impaired by statute. Remedies may be modified even as to pending actions, but no action can be regarded as pending when it has expanded into a judgment, and the time to appeal has expired, or the only appeal allowed by law has been taken and decided. It is then no longer depending, because there is nothing further that can be done to affect the rights of the parties. As a claim against which the statute of limitations has fully run cannot be revived by legislation, so a right to appeal from a judgment which has passed through all the appellate courts that have jurisdiction to hear it cannot be conferred by legislation."

The decisions of the courts of this state are in accord with the reasoning and conclusion of the New York Court of Appeals. *Ryder v. Wilson's Executors,* 41 *N. J. L.* 9, *p.* 11 (*Sup. Ct.* 1878) ; *Moore v. State,* 43 *N. J. L.* 203, 213 (*E. & A.* 1881) ; *Plahn v. Givernaud,* 85 *N. J. Eq.* 143 (*E. & A.* 1915) ; *Oliver v. Oliver,* 127 *Id.* 67 (*E. & A.* 1940) ; *Giordano v. City Commission of City of Newark, supra,* 2 *N. J.* 592.

█ Therefore it is obvious that the appellant as such had no vested right of appeal on September 15, 1948, and he has taken an appeal to the Appellate Division, the only appeal allowed by the Constitution (1947), the Statute *P. L.* 1948, *c.* 367, and the rules of this court.

The appeal is therefore dismissed.

*For granting the motion*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.