**MASON HALL CORPORATION, a corporation, Appellant,**

v.

**A. P. DICKER, Appellee.**

**No. 2107.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 10, 1958.

Decided May 12, 1958.

Leonard S. Melrod, Washington, D. C., with whom Joseph V. Gartlan, Jr., Washington, D. C., was on the brief, for appellant.

Martin S. Becker, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant corporation sued appellee for $2,500, the balance of a loan it had made to him. He counterclaimed for $3,000 for services performed. The trial court granted both claim and counterclaim and gave appellee judgment for $500. The only question on this appeal is whether the trial court erred in granting the counterclaim.

At the time the transactions here involved took place appellee was president of the corporation which owned and operated a large apartment building. In addition to his duties as president of the corporation appellee devoted most of his time to active management of the building. In recognition of these services the corporation paid him a salary of $100 a week until January 1, 1954. Under date of December 11, 1953, the following resolution was entered on the minutes of the board of directors of the corporation:

"Resolved, that effective from the first day of January, 1954, the compensation of One Hundred Dollars ($100.00) per week, presently payable to Albert P. Dicker, President, be discontinued until further action of this Board."

Appellee continued to perform the same services for about eleven months thereafter until a new manager took over, and his counterclaim was based on his claim for compensation for such services.

Appellant says that the quoted resolution is an effective bar to appellee's counterclaim. Appellee says it is no bar because it does not accurately state the action of the board of directors. He testified that the meeting of the board was not held either at the place or time stated in the minutes, that it was actually held on another day at the apartment building; that at such meeting, because of the cash position of the corporation, the other directors requested him to defer his compensation until a later date and he agreed; but that there was no agreement that he should serve without compensation. He further testified that although he signed the minutes after the secretary had prepared them, he did not read them.

As against appellee's testimony the former secretary of the corporation testified that to the best of his recollection the meeting occurred on the date and at the place recited in the minutes, and that it was his recollection that appellee was present at such meeting; that the minutes correctly stated the resolution and that it was not intended by the resolution that payment for appellee's services be merely deferred until a later date.

In finding for appellee on his counterclaim the trial court ruled that the wording of the resolution that appellee's compensation be "discontinued" was ambiguous, that it could mean postponed or could mean terminated; and in the light of the testimony, coupled with the fact that appellee continued to perform the same services and the corporation accepted them, the court found that appellee was entitled to be paid for his services.

It is appellant's contention that the court was in error in giving any consideration to appellee's testimony, arguing that the minutes of the board of directors' meeting as duly recorded must be accepted and are not subject to interpretation by a member of the board. We think the testimony was properly received and entitled to consideration. "While the minute book is prima facie evidence of the resolution of the directors, it is not conclusive, and parole evidence is admissible to correct or contradict the minutes." Shade v. Colgate, 4 N.J.Super. 356, 67 A.2d 193, 195, appeal dismissed 3 N.J. 91, 69 A.2d 19. "To place the resolution in its factual setting, thereby explaining its terms or applying it to its proper object and subject matter, does not violate the parol evidence rule." Fox v. Johnson & Wimsatt, Inc., 75 U.S.App.D.C. 211, 217, 127 F.2d 729, 735. See, also, 5 Fletcher, Private Corporations (Permanent ed. rev. 1931) § 2198; Annotation, 48 A.L. R.2d 1259, 1268.

Affirmed.