KANNER, Chief Judge
(concurring).
I concur in the well reasoned opinion prepared by Judge ALLEN and also as a supplement on my part I offer these comments.
*907 The old and former Article V, section 5 of the state constitution, F.S.A., reposed in the Supreme Court of Florida appellate jurisdiction “of appeals from the Circuit Courts in cases arising before Judges of the County Courts in matters pertaining to their probate jurisdiction and in the management of the estates of infants”. Section 11 of the old article provided that circuit courts shall have “supervision and appellate jurisdiction of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interests of minors”. These sections were implemented by the statutory sections 732.15 through 732.20, Florida Statutes, F.S.A.
By the new and present Article V, section 5(c), the district courts of appeal have appellate jurisdiction of appeals “from final orders or decrees of county judge’s courts pertaining to probate matters or to estates and interests of minors and incompetents”, and these appeals may be taken “as a matter of right”. This section is implemented by the Florida Appellate Rules which became effective on July I, 1957, 31 F.S.A., the same date as did the new article.
The new Article V, sections 4(b) and 6(c), prescribing the jurisdiction of the Supreme Court and the circuit courts, reposes no appellate jurisdiction through appeal in these courts pertaining to probate matters or to estates and interests of minors and incompetents.
Under the old Article V, sections 5 and II, appeal pertaining to probate matters and in the management of estates of infants was, first, to the circuit court and, second, from the circuit court to the Supreme Court. The appeal to a circuit court was from an order, judgment or decree of a county judge; and the appeal to the Supreme Court was from an order or judgment of a circuit court rendered on an appeal to it from a county judge’s court. Thus, there were provided two independent appeals.
By the new Article V, section 5(c), only a single appeal is authorized and that is a direct appeal from an order or judgment of a county judge to a district court of appeal. So the first route of appeal to a circuit court and the second route to the Supreme Court under the old Article V have been eliminated.
The right to or the remedy of appeal is not derived from the old English common law. The procedure by appeal, unknown to the common law, was utilized to review causes in equity, ecclesiastical, and admiralty jurisdiction. It is a matter of privilege and not a natural or inherent right, and it depends on the written law. It is, therefore, a matter of additional remedy which may be granted through constitutional or statutory enactment.
Particularly favored by the great weight of authority is the doctrine that ordinarily a party cannot acquire a vested right to an appeal or a mode of procedure for review from one court to another in the absence of a constitutional or statutory guaranty. Where a remedy of appeal is bestowed by the state constitution, it cannot be withdrawn by an act of the legislature. However, the same authority that conferred the privilege can take it away. The doctrine is of early origin. A leading case is Baltimore & P. R. Co. v. Grant, 1879, 98 U.S. 398, 25 L.Ed. 231. See also Ex parte McCardle, 1869, 7 Wall. 506, 74 U.S. 506, 19 L.Ed. 264; and Gwin v. United States, 1902, 184 U.S. 669, 22 S.Ct. 526, 46 L.Ed. 741. Many of the state jurisdictions have adopted and adhere to this doctrine, cases from some of which are: Griffin v. Sisson, 1917, 146 Ga. 661, 92 S.E. 278; Shade v. Colgate, 1949, 3 N.J. 91, 69 A.2d 19; In re Wells’ Estate, 1949, 187 Or. 462, 212 P.2d 729; City of Hutchinson v. Wagoner, 1947, 163 Kan. 735, 186 P.2d 243; Dorris Motor Car Co. v. Colburn, 1925, 307 Mo. 137, 270 S.W. 339; Minnis v. Hamilton County Board of Zoning Appeals, 1951, 89 Ohio App. 289, 101 N.E.2d 388; Texas Farm Bureau Cotton Ass’n v. Lennox, Tex.Civ. *908 App.1927, 296 S.W. 325; People ex rel. Crane v. Hahlo, 1920, 228 N.Y. 309, 127 N.E. 402; and Oklahoma Land Co. v. Thomas, 1914, 43 Okl. 217, 142 P. 801. See also Reed v. State, 1927, 94 Fla. 32, 113 So. 630, 634; 16 C.J.S. Constitutional Law § 272b, p. 1271; 4 C.J.S. Appeal and Error § 3, p. 68, and § 5, p. 71.
The right to appeal has been changed from the old article as implemented by the mentioned statutes to the method prescribed by the new article dealing with the same subject matter, and as implemented by the Florida Appellate Rules, through constitutional process.
In the instant case, the notice of appeal was instituted to the circuit court before the effective time of the new Article V of the Constitution. The circuit court rendered its decision subsequent to the operative date of the new article. As is seen, under the old article there were provided two separate and independent appeals relating to the subject matter of this controversy; the first had to be to the circuit court from the judgment of the county judge and terminated there unless the next appeal was undertaken. The second appeal had to be to the Supreme Court from the judgment of the circuit court. So here the notice of appeal was brought to this district court from the judgment of the circuit court. The new method of review was then already in effect. There is no saving clause that preserves and provides for the former method to be employed so that an appeal could be carried to a district court as applied to a situation such as is here considered; nor is it made to appear that the appealing party has any vested right which is being impaired. This being so, there is no right of appeal under the old article as implemented by the statutes hereinbefore referred to from the order of the circuit court as sought. The notice of appeal, however, as stated in the opinion of the court may be considered and invoked as a petition for writ of certiorari.
ALLEN and SHANNON, JJ., concur.