In the Matter of the Claim of ALSTON SEHM, Respondent, against SIBLEY, LINDSAY & CURR COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 2, 1934.

*John D. Sullivan*, for the claimant.

*Charles P. Barre*, for Sibley, Lindsay & Curr Company and another.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin* and *Roy Wiedersum, Assistant Attorneys-General* of counsel], for the State Industrial Board.

RHODES, J. The appellants have stipulated that the only point to be raised on this appeal is whether the award involved shall be paid by the appellants or out of the special fund created by section 25-a of the Workmen's Compensation Law.

Claimant was injured on May 25, 1918. An award for temporary total disability to September 11, 1918, was made and the case closed. Said award was paid and no compensation has been paid since 1919.

By a letter dated May 2, 1933, written in behalf of claimant by his attorney to the chairman of the Industrial Board, application was made for further compensation for the loss of use of thirty-five per cent of claimant's right foot. This letter was received at the office of said chairman on May 3, 1933.

On May 8, 1933, a memorandum of decision of the Board was rendered which states, among other things: " The Board now reopens the case on its own motion." The case was referred to the referee's calendar to make an award against the carrier, and from the award so made this appeal is taken.

The dispute involves the construction of section 25-a of the Workmen's Compensation Law. So far as pertinent, it provides that " when an application for compensation is made by an employee * * * (2) after a lapse of seven years from the date of injury or death and also a lapse of three years from the date of the last payment of compensation, testimony may be taken, either directly or through a referee. If an award is made it shall be in favor of the claimant and against the special fund provided by this section."

The Board made the award herein against the appellants and not against the special fund, and the decision upon which the award is based contains a finding of fact that " The reopening of the claim herein on May 8th, 1933, was upon the Industrial Board's own motion and not upon application by the employee."

The argument now made in support of the award against the appellants is that section 25-a is not applicable because the case was reopened on the Board's own motion and not upon application made by the employee. The fact remains, however, that prior to the reopening application therefor had been made by the claimant and such application was, therefore, pending. The statute says in substance that when, after the lapse of the time specified, an application for compensation is made by an employee, any future award shall be against the special fund. This mandatory provision could not be overridden by action of the Board even though, after such application, it reopened the matter on its own motion.

The appellants urge that any reopening, whether by the Board on its own motion or on application of the employee, is to be construed as an application for the benefit of the claimant, and, therefore, as made by him or in his behalf. It is unnecessary to consider this point if the conclusions herein arrived at are correct.

The award should be reversed and the claim remitted to the Board to make an award in accordance with the suggestions contained herein, with costs to the appellants against the State Industrial Board.

CRAPSER, BLISS and HEFFERNAN, JJ., concur; HILL, P. J., dissents.

Award reversed and claim remitted, with costs to the appellants against the State Industrial Board.