In the Matter of the Claim of DENNIS RYAN, Respondent, against AMERICAN BRIDGE COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 12, 1935.

*Locke, Babcock, Hollister & Brown* [*Evan Hollister* of counsel], for the appellant.

*Morris I. Lipsitz,* for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Deputy Attorney-General,* and *Roy Wiedersum, Assistant Attorney-General,* of counsel], for the respondent Industrial Board.

McNAMEE, J. The claimant suffered a temporary total disability from tuberculosis resulting from an injury sustained in his employment in 1923. Compensation was awarded, he received the full amount allowed by the statute, the last payment was made March 17, 1928, and the case was closed. There was a recurrence of the disease which was permanent in character in 1932, and the claimant applied to the Industrial Board to reopen his case, and on May 26, 1932, this application was finally denied, not because the Board did not have continuing jurisdiction, but because it had no power at that time to reclassify the injury. On June 7, 1933, the Industrial Board reopened the case upon its own motion, and on December 27, 1933, made an award in favor of the claimant, and directed the employer to pay it.

An application by the employer to review this decision was denied by the Board on the ground that " section 25-a does not apply in this case in view of the fact that this matter was reopened on motion of the Board and not on the application of the claimant. An award is to be made against the Special Fund as provided by section 25-a only when an application for reopening is made by the claimant." And in its findings the Industrial Board again states: " This claim was reopened on motion of the Industrial Board and not on the application of the claimant. The award, therefore, was properly made against the self-insured employer, and section 25-a of the Workmen's Compensation Law does not apply." From the decision of the Board thus construing section 25-a, and the direction that the employer pay the award, this appeal is taken. Thus the only question involved is whether the award in this case should be

paid by the self-insurer, or paid out of the special fund created under the provisions of section 25-a.

Pursuant to the provisions of section 25-a, a special fund, so called, has been created for the payment of awards " when an application for compensation is made by an employee * * * (2) after a lapse of seven years from the date of injury or death and also a lapse of three years from the date of the last payment of compensation." This section also requires that " if an award is made it shall be * * * against the special fund provided by this section." From the same source it provides for payment of further medical treatment and supplies, and requires that "Any award so made shall be payable out of " the special fund thereby created. And it is further provided thereby that " When an application for compensation is made *under this section* the chairman of the industrial board shall appoint a representative of such fund," etc., who " shall be a person designated by the employer *originally liable*," etc. And by its express terms the section excludes from its operation " any open case pending * * * on April twenty-fourth, nineteen hundred thirty-three," and " any closed case in which an application for reopening was received prior to such date," and also cases in which appeals were pending at that time.

That this case is clearly within the provisions of section 25-a becomes evident by the uncontroverted facts, *i. e.*, that the case was reopened more than seven years after claimant's injury, and more than three years after the last payment of compensation previously awarded, and that the case had been properly and definitely closed in 1928, and that there was no pending application for a reopening which was received before April 24, 1933. The fact that no " application for compensation " under this section had been made herein by the claimant is not before us, because it has been stipulated that this appeal shall present the single question, viz., whether the award made shall be paid out of the special fund, or by the self-insurer.

The statute in question deals only with " stale " claims of injured employees, that is, those where after extended periods, there has been a recurrence of malady, a progress in disease not anticipated, or a pathological development not previously prognosticated, arising out of the injury. And it provides for the special method indicated for paying awards in these special cases, and it relieves employers from the direct obligation to do so. No other purpose is apparent from its language. In its brief the Industrial Board concedes that the purpose of the statute is " to afford a degree of protection to employers and insurance carriers; " but the Board does not measure or define the degree of protection intended

A disposition of these stale claims is predicated on (a) an application for compensation, (b) an employment in which compensation has been secured, and (c) the lapse of certain periods of time. As indicated before, the question of " application " is not important because the award or its amount is not in question, and a compliance with the Workmen's Compensation Law by the employer is conceded. And also, as indicated before, all of the other conditions of the statute have been met by the facts in this case. The statute draws a clear distinction between the liability created " under this section " and that of " the employer originally liable for the payment of compensation." And the clear and definite language used puts beyond reasonable question the legislative intent that these claims should be paid out of the special fund. The requirement is mandatory.

The Industrial Board took the position that under its continuing jurisdiction (Workmen's Comp. Law, § 123) a stale claim might be opened " on its own motion; " and when so opened the Board was free to impose upon the employer any award made. The statute in question was passed long subsequent to section 123, and it must be presumed that it was intended thereby to affect or limit the latter, if there were conflict in their respective provisions. An entirely new and complete scheme was set up by section 25-a to deal with stale claims (in many of which the Board had no power to grant relief) and to provide for their payment quite apart from the method by which fresh and pending claims were disposed of. There is nothing in the section to suggest that the rights or liabilities of the parties are dependent in any special manner upon a reopening of the case upon the Board's own motion. It has been urged that the amendment of 1933 (Laws of 1933, chap. 384) which gave to the Board the power to reclassify claims " at any time " (Workmen's Comp. Law, § 15, subd. 6-a) also authorized the Board, in the exercise of its continuing jurisdiction, to impose payment of the award in these cases upon the employer. With this theory we are unable to agree. The Board has no power except that found in the Workmen's Compensation Law. And the right to reclassify " at any time " was not the removal of a limitation on the power of the Board, as was argued, but was the conferring of a power which before it did not possess. And the power of reclassification and continuing jurisdiction do not alter the Board's powers and limitations under section 25-a. Its continuing jurisdiction must be exercised in accordance with law, and does not authorize nor justify departure from statutory mandate. (*Matter of Sehm* v. *Sibley, Lindsay & Curr Co.*, 242 App. Div. 271.) When the conditions of the latter section were met by the facts in this case, the Board had

no power to direct that the award be paid by the employer instead of out of the special fund. And in doing so it disregarded the clear requirements of the statute.

The view expressed by the Board is not only out of harmony with the provisions of the section under consideration, but is not defensible on general legal principles. The Board proceeded on the theory, viz., that if the *claimant* applies to reopen a case under section 25-a, any award made must be ordered paid out of the special fund; but if the *Board* reopens the case on its own motion, it may require the employer to pay the award. In other words, the rights of the parties are different in the one case and in the other. According to this theory, it is not the facts of the case that shall determine the rights of the parties, but merely the method pursued to reopen the case. And thus by its mere will and choice, the Board may impose upon an employer an obligation which otherwise did not exist. If such a theory be sound, the Board may impose its will upon employers in all stale claims, and disregard the evident purpose of the statute, and set at naught its requirements.

The decision should be reversed, and the case remitted to the Industrial Board to make a decision directing the payment of the award out of the special fund, with costs.

RHODES and HEFFERNAN, JJ., concur; HILL, P. J., and CRAPSER, J., dissent and vote to affirm.

Award reversed and claim remitted to the State Industrial Board for a decision in accordance with the opinion, with costs against the State Industrial Board.