In the Matter of the Claim of JULIA GILCHRIST, Respondent, against AMERICAN NEWS COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of ALFRED G. KIRCHER, Respondent, against EDWARD T. KIRCHER, Doing Business under the Trade Name and Style of LEOPOLD & KIRCHER, and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award of disability compensation under the Workmen's Compensation Law for twenty-five per cent permanent loss of use of left leg at $20 per week, amounting to $1,440, and closing the case. Appellants contend that the award should have been charged against the special fund established under section 25-a of the Workmen's Compensation Law instead of against them. The claimant was first injured on January 18, 1927, while working for this present employer and an award of compensation was made against the appellants covering the period from January 18, 1927, to April 4, 1927, which award was paid and the case closed. On March 25, 1933, while still in the same employ, he sustained further injuries which have been found to be the result of the accident of January 18, 1927. The Maryland Casualty Company was the insurance carrier at the time of this second accident. A claim was made by the employee against his employer for compensation because of the second accident. While this claim was pending the employee wrote a letter to the Industrial Board in which he asked for a hearing and said that the Maryland Casualty Company refused to pay him and that it was " going to try and have the Zurich Insurance Company pay as I was injured in 1927 as this was the cause of the accident this time." The Zurich Insurance Company was thereafter brought in as a party to the hearings within the seven-year period. The Industrial Board on January 20, 1934, which was more than seven years after the accident and three years after the last payment of compensation, reopened the claim under the first accident stating that it was doing so on its own motion. The present award now appealed from was then made. The parties have stipulated that the only question for determination on this appeal is whether or not the award should be made against the special fund. Under section 25-a the date when the application for compensation is made by the employee determines whether the award shall be made against the employer and carrier or the special fund. (See, also, *Matter of Ryan* v. *American Bridge Co.*, 243 App. Div. 496; affd., 268 N. Y. 502; *Matter of Sehm* v. *Sibley, Lindsay & Curr Co.*, 242 App. Div. 271.) Here the employee came within the precise terms of the statute as he had made, within the seven-year period, formal claim for compensation for the disability resulting from the injuries which occurred on March 25, 1933, as well as having written the letter above referred to. In the hearing on this claim the appealing carrier had actual notice within the seven-year period of the claim of both the claimant and the second carrier, that the latter disability was caused by the first accident. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.