In the Matter of the Claim of NICHOLAS KIRILOFF, Appellant, against A. G. W. WET WASH LAUNDRY, INC., Employer, and Others, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 10, 1939.

*Albert Watman* [*Albert Adams* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Leon Freedman, Assistant Attorney-General*, of counsel], for the State Industrial Board, respondent.

HEFFERNAN, J.   Claimant has appealed from a decision of the State Industrial Board, dated January 4, 1938, denying his application to have his case against respondents closed, in order that it might later be reopened and an award made in his favor against the Special Fund for Reopened Cases in accordance with the provisions of section 25-a of the Workmen's Compensation Law.

On December 12, 1923, while claimant was engaged in the regular course of his employment in the service of his employer, he sustained serious injuries, as a result of which he is today permanently partially disabled.

Various awards were made in claimant's favor against his employer and its insurance carriers, which were paid, and the case was closed on December 18, 1931.   The last payment of compensation which

claimant received was made about January 9, 1932, covering the period from November 11, 1925, to April 20, 1927.

On July 13, 1933, claimant applied to the Department of Labor to have his case reopened. The State Industrial Board reopened it on October 11, 1933. Many hearings in connection with the claim were thereafter had with the result that on August 12, 1935, the State Industrial Board rescinded its decision of December 18, 1931, closing the case, and made an award in claimant's favor against his employer, the New York Indemnity Company, the State Superintendent of Insurance, as liquidator of such company, and the receivers of the Union Indemnity Company of Louisiana. Subsequently other awards in claimant's favor were made against the same parties. None of these awards was paid due to the fact that the employer had been out of business for more than a decade and the insurance carriers were insolvent and their affairs in liquidation. The State Industrial Board and the interested parties in the case knew that no payments were made or could be made pursuant to such awards. The successive awards which the State Industrial Board made, as disclosed in this record, when no money was available for their payment, in our opinion were idle gestures. The claimant is solemnly advised by the Board that he has been victorious in the prosecution of his claim. He has received at the hands of the Board award after award which he cannot collect. If the determinations of the Board were not tragic so far as he is concerned they might well be regarded as farcical. Claimant is in dire need of money, of hospitalization, of medical treatment and care. In that pitiful situation he petitioned the Board again and again to grant him relief under section 25-a of the Workmen's Compensation Law. Each request was refused on the ground of want of power. That section, which became effective on April 24, 1933, so far as material here, provides, in substance, that after a lapse of seven years from the date of injury or death and also after a lapse of three years from the date of the last payment of compensation an award shall be made against the Special Fund. In construing this statute in *Matter of Tipton* v. *Lang's Bakery, Inc.* (250 App. Div. 696; affd., 275 N. Y. 572), this court, speaking through Mr. Justice McNamee, said: " It was clearly the intent of the Legislature by this provision to bring within the benefits of the statute claimants with ' stale ' cases, and to insure their compensation by payments out of the Special Fund. It was for the benefit of such claimants that the statute was passed and the fund set up. [*Matter of Ryan* v. *American Bridge Co.*, 243 App. Div. 498.] Otherwise, many awards in stale cases never would be

paid, such as those where the employer had gone out of business, had left the jurisdiction, died without means, or the insurance carrier had become insolvent."

That very situation has now arisen. The employer is out of business and the insurance carriers are insolvent.

The Board's reason for refusing to permit claimant to proceed under section 25-a is that at the time the application was made, although more than seven years had elapsed since the date of the accident, less than three years had passed since the date of the last payment of compensation which occurred about January 9, 1932. We think that is too narrow a construction of a statute which we have repeatedly said must be liberally interpreted for the benefit of injured workmen and their dependents. It is important to remember that the last payment of compensation in this case included only the period between November 11, 1925, and April 20, 1927. Considerably more than three years had elapsed between April 20, 1927, the last day upon which payment should have been made, and July 13, 1933, when the application to reopen was made. The phrase " three years from the date of the last payment of compensation " is not to be taken literally. It should receive a reasonable, liberal and practical construction. As thus construed it means three years from the date when compensation should have been paid. This case was not open and pending on April 24, 1933, the effective date of the statute. When claimant sought to have it reopened on July 13, 1933, the provisions of section 25-a were applicable.

Even if it be assumed that the Board is correct in its interpretation of this statute, then it should have closed the case long since so that claimant could have obtained the relief to which he is so clearly entitled. Instead, however, the Board continued the case and compelled claimant to attend from time to time for no reason whatever except to make fruitless awards in his favor. We cannot escape the conviction that the action of the Board is highly arbitrary and is indicative of undue solicitude on its part for the protection of the Special Fund.

The decision appealed from should be reversed, with costs against the State Industrial Board, and the matter is remitted to that body for further action in accordance with this opinion.

All concur.

Decision reversed, with costs against the State Industrial Board, and matter remitted to the Board for further action in accordance with opinion.