In the Matter of the Claim of SAMUEL RIDDLE, Claimant, against GENERAL ICE CREAM CORP., Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, and SPECIAL FUND FOR REOPENED CASES (SPECIAL FUNDS CONSERVATION COMMITTEE), Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1941.

*Joseph J. Rickards*, for the claimant.

*John J. Bennett, Jr., Attorney-General*, for the State Industrial Board, respondent.

*E. C. Sherwood [William B. Davis* of counsel], for the employer and insurance carrier, respondents.

*John M. Cullen*, for the Special Fund for Reopened Cases (Special Funds Conservation Committee), respondent.

CRAPSER, J.   This is a certification by the State Industrial Board of questions of law involved in its decision in the above-entitled case pursuant to the provisions of section 23 of the Workmen's Compensation Law.

The claimant in January, 1927, received an injury to his eye and shortly thereafter was awarded compensation for a few days' disability, and in April, 1927, the case was closed, and in March, 1932, an award was made for fifty per cent loss of use of the right eye and the case was again closed.   In July, 1932, the award was increased from fifty per cent to seventy per cent loss of use of the eye and an appeal was taken to this court from that decision. Also, the case was reconsidered by the Board, so that on April 24, 1933, the case was open and pending before the Board and, also, an appeal to this court was pending, April 24, 1933, being the date when section 25-a became effective as an amendment of the Workmen's Compensation Law.

These proceedings were terminated by a decision of the Board on December 8, 1933, followed by payment of the award on December 29, 1933, and withdrawal of the appeal to this court on January 10, 1934.

The award that was paid on December 29, 1933, was for a schedule loss and covered a period of eighty weeks beginning at the time of the accident, which would take it up to about June, 1929, the accident having happened in January, 1927.

On December 19, 1938, the claim was restored to the calendar for consideration of facial disfigurement, and the result of the consideration of the case was an award made on April 25, 1939, for $300, which award was made against the Special Fund for Reopened Cases and was paid by that fund.   On January 2, 1940, the claim was reopened by the Board on the claimant's application, but no decision has been made as yet.

The claimant contends that he was totally blind and disabled as the result of the accident and that he had greater serious facial

disfigurement than the amount previously awarded him, which questions are still pending before the Board.

The Board believes that unique and novel questions have thus been presented and that the Board is doubtful as a matter of law whether the case is properly classified under the provisions of section 25-a and as to the propriety of further payments therefrom and it passed a resolution certifying to the Appellate Division the following questions:

1. Is the statement of section 25-a relative to the provisions of such section not being applicable " during the pendency of an appeal provided for by section twenty-three " of the Workmen's Compensation Law, only a requirement as to elimination of such appeal time pendency from the time computation in determining the seven- and three-year limitation periods otherwise provided in such section?

2. Is section 25-a applicable to further consideration of a claim for compensation when the precedent time limitations prescribed by such section are present, but wherein a prior determination regarding such claim was in issue on April 24, 1933, through an appeal to the Appellate Division being pending on such date?

3. Where a case open and pending on April 24, 1933, has been disposed of by an award and closing of case, with payment of compensation being made, and a subsequent application for compensation is made after the further elapsing of the time requirements of section 25-a since such date of closing, is liability for any subsequent award a proper charge against the original carrier?

Section 25-a first appears in chapter 384 of the Laws of 1933, and became a law April 24, 1933. It provided, among other things, as follows:

" § 25-a. Procedure and Payment of compensation in certain cases. When an application for compensation is made by an employee whose employer has secured the payment of compensation in accordance with section fifty of this chapter, (1) after a lapse of seven years from the date of the injury or death and claim for compensation previously has been disallowed or claim has been otherwise disposed of without an award of compensation, or (2) after a lapse of seven years from the date of injury or death and also a lapse of three years from the date of the last payment of compensation, testimony may be taken, either directly or through a referee. If an award is made it shall be in favor of the claimant and against the special fund provided by this section. * * * The provisions of this section shall not apply to awards for deficiency compensation made pursuant to section twenty-nine of this chapter nor shall it apply during the pendency of an appeal provided for by section twenty-three of this chapter; provided, however, that

such provisions shall be retroactive in effect except as to payments into the special fund provided for an employer or his insurance carrier."

This section was amended by chapter 774 of the Laws of 1933 by which the last sentence of the above was amended so that it provided that the section should not apply to any open cases pending before the Industrial Board on April 24, 1933, or to any closed cases in which an application for reopening was received prior to such date. As so amended this sentence remains today.

In *Matter of Tipton* v. *Lang's Bakery, Inc.* (250 App. Div. 696; affd., 275 N. Y. 572), this court said: " It was clearly the intent of the Legislature by this provision to bring within the benefits of the statute claimants with ' stale ' cases, and to insure their compensation by payments out of the Special Fund. It was for the benefit of such claimants that the statute was passed and the fund set up. [*Matter of Ryan* v. *American Bridge Co.*, 243 App. Div. 496, 498.] Otherwise, many awards in stale cases never would be paid, such as those where the employer had gone out of business, had left the jurisdiction, died without means, or the insurance carrier had become insolvent."

Everything that goes into the Special Fund created by section 25-a comes from insurance carriers. The original fund was added to by an act of the Legislature in cash and securities from another fund created by subdivision 9 of section 15 of the Workmen's Compensation Law which latter fund was created by assessments on insurance carriers and self-insurers and which fund had exceeded its demands so that the foundations for section 25-a could be safely taken from it. The law then provided for an addition to the fund created by section 25-a by assessments on the insurance companies and from time to time amendments had been made in the law which still further increased the amount paid into the fund.

Section 25-a looks to the future. All of the words in it indicate that it refers to a time in the future.

The last sentence of the original section 25-a provided that such provision should be retroactive in effect except as to payments into the Special Fund provided for an employer or his insurance carrier. That meant that the provisions were to apply to claims arising out of accidents before its enactment as well as to accidents happening thereafter.

The Governor sent a special message to the Legislature in August, 1933, recommending the consideration of an amendment of section 25-a, providing definitely that the section should not apply to any open case pending before the Industrial Board on April 24, 1933, or to any closed case in which an application had been received prior to that date. He asked for the amendment in order to clarify the meaning of section 25-a.

Section 25-a as it is contained in the Workmen's Compensation Law today provides for the payment of awards out of the Special Fund in all cases which meet the time limitations provided for by such section and it makes no difference whether they arose before the passage of the section or after the passage of the section; if they meet the time limitations provided in the section then the award should be made under section 25-a from the Special Fund. It was the immediate drain upon the Special Fund that the amendment was offered to correct. The amendment precluded only cases that were then open and pending or in which an application to reopen had been made. A case that was open and pending on April 24, 1933, and in which an award was afterwards made and paid and the case closed and if subsequently the same case should be reopened, after the time limitations provided for by section 25-a, an award in such a case, under the section, would be made against the Special Fund.

The purpose back of the enactment of section 25-a was to provide for the gradual taking over by the Special Fund of stale cases as they became stale.

In the case of an accident happening in 1920, for instance, the claim might have been disposed of for the time being by payment of compensation for a year, until 1921. There might have been further compensation awarded and paid in 1925, and again in 1929. If we assume that an application for further compensation was made in March of 1933, and not passed upon until May of 1933, then the disposition of that application in May of 1933 must result in no liability on the part of the Special Fund, but the liability would be that of the original carrier.

On the other hand, if the application for reopening was not made until May, 1933, the obligation would be that of the Special Fund.

With reference to the future status of the case after the decision on the application made in 1933, the situation would logically be the same in both instances.

In *Vleck* v. *Parry* (270 N. Y. 371) the court said: " The purpose of the Legislature in providing that payments are not to be made from the fund during pendency of an appeal was to prevent inroads upon the special fund until final determination of the proceeding. There is no irreconcilable conflict between the provision against payments from the fund during pendency of an appeal and the portion of the section making its provisions retroactive. If it is ultimately determined that an award should be against the special fund, the award should not be different in amount by reason of the appeal. Where, pending an appeal, an employer or carrier has paid, reimbursement may be provided without offending against

the provision against payment out of the fund during pendency of an appeal and in so doing the portion of the act making its provisions retroactive is given effect. While the act is not to apply ' during the pendency of an appeal,' it may become applicable for the period covered by the appeal under the clause making its provisions retroactive. To hold otherwise is to create inequality in liability of carriers and employers, depending not upon the date of injury or death of the injured employee, but upon a variable factor, the time during which an appeal may be before the courts. The only fair interpretation of the legislative intent is to so construe the act as to prevent inroads upon the fund pending final determination of an appeal; but in the event of an award against the fund as the result of an appeal to make the award commence when it would have commenced but for the erroneous award against the employer or carrier. That portion of the fund necessary to reimburse the employer or carrier for payments made during the pendency of the appeal to be so applied, and subsequent payments to be made to the successful claimant.''

The quotation from the above case has some bearing although it does not fully answer question number one but I believe that the reasoning of that case requires the answer to question one to be in the affirmative.

I think there can be no question but that the proper answer to question number two should be in the affirmative. There is nothing that I can find in section 25-a that prevents its application to a claim for compensation to all cases when the time limitation prescribed by such section is present. The fact that the case was open and pending on April 24, 1933, does not affect the application of section 25-a provided that after it was closed the time limitations prescribed by such section are present.

The answer to the third question should be in the negative.

The decision of this court upon the questions submitted is that questions numbers one and two should be answered in the affirmative and that question number three should be answered in the negative.

Schenck and Foster, JJ., concur; Hill, P. J., and Bliss, J., concur as to the answers to questions two and three and to the statements in the opinion in relation thereto, but dissent and favor a negative answer as to question one, believing that the opinion in Vleck v. Parry (270 N. Y. 371) so holds.

Submitted questions.

Questions one and two are answered in the affirmative.

Question three is answered in the negative.