In the Matter of NICHOLAS KIRILOFF, Respondent, against A. G. W. WET WASH LAUNDRY, INC., et al., Respondents.

STATE INDUSTRIAL BOARD et al., Appellants.

Argued May 18, 1944; decided July 19, 1944.

*Archibald G. Thacher* and *John M. Cullen* for Fund for Reopened Cases, appellant. I. Section 25-a of the Workmen's Compensation Law was enacted and the Fund for Reopened Cases was thereby created as part of an agreed compromise piece of legislation, contained in a single bill, which, by its terms, swept aside all limitations of time previously existing within which applications for compensation might be made, and, at the same time, created a special fund upon which, *after* the lapse of certain clearly stated periods of time, the obligation to pay awards to claimants against solvent employers and their solvent insurance carriers, was imposed. This special fund is a new concept in Workmen's Compensation Law legislation; is not a security or guarantee or reinsurance fund and its liability to respond in a proper case is in no way dependent upon the insolvency of claimants' employers or of their insurance carriers. (*Harrison* v. *Northern Trust Co.,* 317 U. S. 476; *United States* v. *Monia,* 317 U. S. 424; *Foster Packing Co.* v. *Haydel,* 278 U. S. 1.) II. " Payment " means " actual payment ". The construction of " date of the last payment ", by the court below, to the effect that this meant " when payment should have been made ", cannot be sustained as a matter of law nor upon the facts. (*Agency of Canadian Car & F. Co.* v. *American Can Co.,* 258 F. 363; *Beals* v. *Home Insurance Co.,* 36 N. Y. 522; *Root* v. *Kelley,* 39 Misc. 530; *Dennett* v. *Goelet,* 143 Misc. 195; *Stokes* v. *Stokes,* 34 App. Div. 423; *Rodgers* v. *Robson,* 147 Mich. 656; *Bank* v. *Harris,* 96 N. C. 118; *Blanchard* v. *Blanchard,* 122 Mass. 558; *Matter of Harkavy,* 178 Misc. 507.)

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Orrin G. Judd* of counsel), for State Industrial Board, appellant. I. Within the purview of section 25-a of the Workmen's Compensation Law, the date of last payment of com-

pensation was January 9, 1932, instead of April 20, 1927. Therefore three years had not elapsed between the date of the last payment of compensation and July 13, 1933, when the claimant made an application for reopening, and section 25-a was not applicable. (*Matter of Cretella* v. *New York Dock Co.*, 289 N. Y. 254.) II. It was not the intention of the Legislature to charge the special fund created by section 25-a with awards merely because they were uncollectible from the employer and insurance carrier. III. The State Industrial Board was without power to close the case at bar in order to charge the Fund for Reopened Cases with the obligation of paying the award.

*Albert Adams* and *Albert Watman* for claimant-respondent. I. The history and purpose of section 25-a have repeatedly been considered by the Appellate Division and by this court, and a re-analysis seems unnecessary at this time. However, if further consideration is required, it should be concluded again that the law was enacted for the benefit of such claimants. (*Matter of Tipton* v. *Lang's Bakery*, 250 App. Div. 696, 275 N. Y. 572; *Matter of Riddle* v. *General Ice Cream Corp.*, 262 App. Div. 353; *Matter of Becker* v. *Marcy State Hospital*, 264 App. Div. 643.) II. The phrase " three years from the date of the last payment of compensation " is not to be taken literally. (*Flynn* v. *Prudential Ins. Co.*, 207 N. Y. 315; *Bell* v. *Mayor, etc., of N. Y.*, 105 N. Y. 139; *United States* v. *Anderson*, 194 U. S. 394; *Heath* v. *Ross*, 12 Johns. 140; *Judd* v. *Seekins*, 62 N. Y. 266; *Collier* v. *Field*, 1 Mont. 612; *Rader* v. *Ervin*, 1 Mont. 632; *Wright* v. *Hanna*, 210 Penn St. 349; *Gray* v. *State*, 72 Ind. 567.) III. Even if the construction of section 25-a should be literal, the claimant is entitled to have this case marked closed so that he may now make a fresh application to reopen it. (*Matter of Kiriloff* v. *A. G. W. Wet Wash Laundry, Inc.*, 257 App. Div. 37.)

LEWIS, J. We are to determine whether, in the circumstances disclosed by this record, an award to the claimant-respondent may be made against the Fund for Reopened Cases created by section 25-a of the Workmen's Compensation Law.

The relief which the claimant seeks has been denied by a decision of the State Industrial Board, which was reversed at the Appellate Division (257 App. Div. 37, 266 App. Div. 931; and

see 282 N. Y. 466). The case comes to us upon appeals by the Industrial Board and the Fund for Reopened Cases.

The record discloses that in an industrial accident suffered by the claimant on December 12, 1923, he sustained injuries which were classified as constituting temporary total disability and led to a succession of awards against his employer and the insurance carrier. More than eight years later, on March 24, 1932, after the claimant had been paid awards which totaled $3,500,— the maximum compensation allowable for temporary total disability (L. 1922, ch. 615, § 15, subd. 2) — the case was marked " closed " by the Industrial Commissioner. Thereafter, on July 13, 1933, the claimant applied to the Industrial Board to reopen his case and to reclassify his condition as permanent partial disability. The case was reopened on October 11, 1933, and awards were made thereafter against the employer and insurance carrier based upon findings of permanent partial disability during the period from July 12, 1932 to May 2, 1936, and permanent total disability from May 2, 1936 to February 26, 1937.

The controversy now before us arises from the fact that when the claimant's case was reopened in 1933 and when awards were made thereafter his employer had long since withdrawn from business and the insurance carrier was in the process of liquidation because of insolvency. The result of these latter circumstances was that awards which had been made to the claimant after January 9, 1932, were not paid. The last compensation award actually paid to him was on January 9, 1932, for disability during the period from November 11, 1925, to April 20, 1927. Meanwhile, however, since its reopening on October 11, 1933, the claimant's case was continued " open " and has so remained.

When the claimant found that he would be unable to collect from his employer and from its insolvent insurance carrier the awards made to him since January 9, 1932, he applied to the Industrial Board in 1937 for an order directing that his case, which remained " open," should be closed and then reopened — his submission being that such procedure under section 25-a of the Workmen's Compensation Law would create in his favor an obligation by the Fund for Reopened Cases to pay the awards which had proved to be otherwise uncollectible.

Aside from the legal aspects of the unusual procedure suggested by the claimant to the Industrial Board and again suggested on this appeal, we find it difficult to bring to mind facts which would prompt the Board to close a compensation case unless circumstances exist which dictate that the case should not remain open. We are dealing here with a continuing condition of disability which has not been fully and finally compensated. There is in the record an express finding by the Industrial Board, unreversed by the Appellate Division, that since the " claimant's application [was] filed with the Industrial Board on July 13, 1933 to reopen this case, the said case remained an open and continuous case since 1933, and still is an open and continuous case." If for sufficient reason the case is closed by the Industrial Board in accord with the claimant's application we have been referred to no facts of record and no statutory authority which would warrant its immediate reopening. In that connection we have it in mind that " The Board has no power except that found in the Workmen's Compensation Law ", and that " Its continuing jurisdiction must be exercised in accordance with law, and does not authorize nor justify departure from statutory mandate." (*Matter of Ryan* v. *American Bridge Co.*, 243 App. Div. 496, 499, affd. 268 N. Y. 502.)

If upon the claimant's application his case is ordered closed, we find no provision in the Workmen's Compensation Law which authorizes the Industrial Board to grant the further relief sought by the claimant, viz., an immediate reopening of his case to enable him to take advantage of section 25-a. As we read that statute its provisions, when applied to the facts of record before us, do not avail the claimant. Insofar as material here the statute (prior to amendment by L. 1940, ch. 686) provided: " § 25-a. Notwithstanding other provisions of this chapter, when an application for compensation is made by an employee or for death benefits in behalf of the dependents of a deceased employee, and the employer has secured the payment of compensation in accordance with section fifty of this chapter, (1) after a lapse of seven years from the date of the injury or death and claim for compensation previously has been disallowed or claim has been otherwise disposed of without an award of compensation, or (2) *after a lapse of seven years*

*from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation,* provided, however, that where the case is disposed of by the payment of a lump sum the date of last payment for the purpose of this section shall be considered as the date to which the amount paid in the lump sum settlement would extend if the award had been made on the date the lump sum payment was approved at the maximum compensation rate the employee's earnings would warrant * * * testimony may be taken * * * and if an award is made it shall be against the special fund provided by this section * * *." (Italics supplied.)

By the statute quoted in part above the Legislature has authorized the creation of the Fund for Reopened Cases and has formulated conditions which limit the liability of that fund. In the present case it appears that more than seven years had elapsed between the date of claimant's injury (December 12, 1923) and the date when he applied to reopen his case (July 13, 1933) — thus qualifying the claimant's application within that portion of the statutory condition quoted above in italics which required a lapse of at least seven years between those dates. We conclude, however, that proof is lacking of compliance with the remaining statutory condition or limitation upon which liability of the Fund for Reopened Cases may be predicated. The statutory limitation of three years had not elapsed between the date (January 9, 1932) when the last payment of compensation was made to the claimant and the date (July 13, 1933) when he made his present application.

The order which we now review was based upon a construction of the statutory limitation with which we are not in accord. The Appellate Division ruled that — " The [statutory] phrase ' three years from the date of the last payment of compensation ' is not to be taken literally. It should receive a reasonable, liberal and practical construction. As thus construed it means three years from the date when compensation *should have been paid.*" (257 App. Div. 37, 39.) (Emphasis supplied.)

We agree that the language chosen by the Legislature to define the condition by which it limited liability of the Fund for Reopened Cases " should receive a reasonable, liberal and

practical construction." We do not agree, however, that when so construed the clear language employed to state that limitation — " three years from the date of the last payment of compensation " may be interpreted to mean — " three years from the date when compensation should have been paid." Our conclusion is that a literal construction of the legislative language is clearly indicated. If there is to be a departure from the literal meaning of the language employed to define the limitation in question, such a variance as that suggested by the Appellate Division may be accomplished only by legislative action, not by judicial construction.

The order of the Appellate Division should be reversed and that of the State Industrial Board affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, CONWAY, DESMOND and THACHER, JJ., concur; RIPPEY, J., taking no part.

Ordered accordingly.