In the Matter of the Claim of DONALD F. WATKINS, Respondent, against CORNWALL PRESS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 8, 1946.

*Jeremiah F. Connor,* attorney for appellants.

*Thomas F. Herbert,* attorney for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum, Assistant Attorney-General,* of counsel), for Workmen's Compensation Board, respondent.

*John M. Cullen,* attorney for Special Funds Conservation Committee under section 25-a of the Workmen's Compensation Law.

BREWSTER, J. Appeal by employer and insurance carrier from a decision and award of the former State Industrial Board filed February 26, 1945, and which seeks also to have reviewed decisions of said board filed July 14, 1943, and December 29, 1944. Claimant's determined date of injury was June 28, 1933. The award is for total disability since July 14, 1933, and directs its payment by appellants. The injury and disability have been found due to lead poisoning contracted in the course of employment. After many hearings and much proof pro and con over a ten-year period, the claim was three times disallowed by referees and the former State Industrial Board. It was finally allowed and awarded in 1945. The validity of the claim and its award as to claimant is not here questioned. The inquiry is (1) as to whether the appellants or the Special Fund for Reopened Cases is liable for its payment, and (2) the reviewability of the foregoing question upon this appeal.

Before the seven-year lapse from date of injury and after the claim had twice been disallowed, claimant's mother wrote the board requesting a reopening of this case and further hearing. No medical proofs were transmitted as required by the statute. (Workmen's Compensation Law, § 25-a.) This was on September 28, 1939, and a few days later an examiner in the Labor Department replied advising of the claim's disallowance and regretfully stating that " there is nothing we can do in connection with this case and we are returning same to our closed files." Over a year later and *after* a seven-year lapse from the

date of injury, an attorney for claimant applied for a reopening and submitted claimant's affidavit disclosing some new evidence pertaining to his ailment. Pursuant to this latter application the case was reopened and the special fund notified. After many more hearings and submission of proofs in which the special fund was represented and participated and on July 14, 1943, the board made a formal decision discharging it from liability, '' if any, found to be due under this claim ''. Thereafter and upon the closing and submission of the case to the referee the carrier expressly reserved its rights under section 25-a of the Workmen's Compensation Law. The claim was disallowed for the third time in 1944 by the referee and the Industrial Board. However, upon a later review by the latter and by a divided vote, the claim was allowed and resulted in the award appealed from.

As applicable here, section 25-a, in substance, is as follows: Where an employer has secured compensation and his employee applies therefor after a lapse of 7 years from the date of injury, and his claim has previously been disallowed or otherwise disposed of without an award of compensation, in such case testimony may be taken and if an award is made it shall be against the Special Fund, etc. It has been held that, '' The liability of the special fund * * * is not created by reason of the obligation on the part of the employer but solely by virtue of the lapse of time.'' (*Matter of Becker* v. *Marcy State Hospital*, 264 App. Div. 643, 644.) The purpose of the establishment of the special fund seems apparent, viz.: to insure in a proper case the benefits of the Workmen's Compensation Law to the injured workman regardless of prior denials and time limitations, and also to cushion the burden to the employer and carrier by relieving them from a continuing liability. It was designed as a medium of justice to all concerned. It safeguarded the rights of the injured employee and the integrity of sound business methods.

The record before us manifests all the requirements of the statute which mandate the payment of the award from the special fund. (*Matter of Sehm* v. *Sibley, Lindsay & Curr Co.*, 242 App. Div. 271; *Matter of Ryan* v. *American Bridge Co.*, 243 App. Div. 496; *Matter of Cordial* v. *Townsend Furnace & Machine Co.*, 243 App. Div. 829; *Matter of Riddle* v. *General Ice Cream Corp.* 262 App. Div. 353, 358; *Matter of Kiriloff* v. *A.G.W. Wet Wash Laundry*, 293 N. Y. 222.) The direction that the appellants pay it, and the absolvement of the special fund, were upon the ground that the negative reply to the letter of

claimant's mother was not " construed " as having been written by a responsible official of the department. However that may have been, the fact remains that the reopening was consequent upon the later application which was made subsequent to the seven-year lapse, so the mother's application was but an instance of another disposal of the claim without an award.

The correctness of the direction that appellants pay the award is properly presented upon this appeal. Such is a matter implicit in the award and presents a question of law upon undisputed facts. The decision and award are contrary to the mandatory provisions of the statute. (Workmen's Compensation Law, § 25-a.) The award and decision appealed from should be reversed, and the matter remitted to the Workmen's Compensation Board for appropriate action to the end that payment be directed from the " Special Fund " as provided by law.

HILL, P. J. (dissenting). By findings dated July 31, 1945, it was determined that the employee, on June 28, 1933, became disabled because of lead poisoning, an occupational disease, and an award was made against the employer and carrier, appellants, they asserting that if any award be made it should be payable from the Special Fund (Workmen's Compensation Law, § 25-a). The award against the employer and carrier was made upon the ground that within seven years after disability, and on September 28, 1939, the mother of claimant made application for a reopening of the case and a reconsideration of the earlier determination, and that her application was still pending until the award was finally made. The board thereby made a determination of fact, possibly a mixed question of law and fact, that the attempted rejection of the mother's application by an examiner, in a letter dated October 6, 1939, was ineffective. (Workmen's Compensation Law, §§ 25-a, 123.) An examiner has only the power granted by the board under the authority given by the Legislature to make rules. (Workmen's Compensation Law, § 117). On July 2, 1943, a decision was made by a member of the board concerning the attempted rejection. He states: " In view of the timeliness of the application as made on behalf of the claimant on 9/28/39, and such date being in the seven year period from the date of accident, we find and hold that the carrier is the responsible party for compensation, if any, found to be due under this claim, and, therefore, discharge the Special Fund for Reopened Cases from liability and further notice." With the board power granted to the board concerning its calendar and department generally, and also in

connection with the reconsideration of cases, we should hesitate to interfere with a determination of fact, and extend the already lengthy and tortuous record in this matter, now more than twelve years old.

The award should be affirmed.

FOSTER and LAWRENCE, JJ., concur with BREWSTER, J.; HILL, P. J., dissents in a memorandum in which HEFFERNAN, J., concurs.

Award and decision reversed and matter remitted to the Workmen's Compensation Board for direction of payment of the award from the " special fund for reopened cases " pursuant to section 25-a of the Workmen's Compensation Law, with costs against the former State Industrial Board, now the Workmen's Compensation Board.