In the Matter of the Claim of JACOB ESTEROW, Respondent, against SCHIMEL, SON & LUSTIG, et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant.
WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 10, 1948.

*John M. Cullen* for appellant.

*Thomas A. Quinn* claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum, Theodore M. Schwartz, Assistant Attorneys-General* of counsel), for Workmen's Compensation Board, respondent.

HEFFERNAN, J.  The Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law has appealed from a decision and an award of the Workmen's Compensation Board allowing claimant compensation for permanent total disability covering a period of two years immediately preceding his application to reopen his claim in an amount totaling $3,138.88 with payments to continue.

The appellant and claimant stipulated the following facts:

" 1. That the claimant herein, Jacob Esterow, sustained an injury to the sole of his right foot when he stepped on a nail on the 10th of March 1932. That as a result of this injury he received an injection of tetanus antitoxin which caused a general physical reaction of the entire body which thereafter caused him to suffer from headaches, dizziness, defect in speech and tremors of both upper and lower extremities, and other complaints.

" 2. That in addition to the foregoing and as a consequence of this injury the claimant was found to suffer from a traumatic neurosis and was paid compensation for ensuing disability for an extended period of time.

" 3. That while the case was still pending before the Industrial Board (now Workmen's Compensation Board) the employer's insurance carrier, the Public Indemnity Company, became defunct and the assets taken over by a public liquidator under the supervision of the Superintendent of Insurance.

" 4. That thereafter at a hearing held on the 10th of July 1934 a settlement was made which provided that compensation was to be payable from the date of the last payment of compensation in January 1933 to the date of the hearing on July 10, 1934 amounting to approximately $2000. in addition to a flat lump sum payment of $5000., plus $219. to cover claimant's expenses, an award amounting to approximately $7,219.

" 5. That at the hearing at which the settlement was negotiated in July 1934, Dr. Sheehan testified that the claimant was partially disabled as a result of his neurosis and settlement was advisable.

" 6. That numerous applications have been made to reopen this case against the Special Fund, all of which have been denied, and that the last application was filed on December 26, 1946.

" 7. That the payments upon the settlement were made by the Superintendent of Insurance through the liquidator from time to time up to and including December of 1943, the date of the last such payment, and so far as we know no further such payments are to be made, at which time the claimant had received a total payment of approximately $4800. upon the agreement previously made of $7,219.

" 8. That the claimant has not been employed at any gainful employment since his injury in 1932.

" 9. It is further stipulated and agreed that in connection with the reports submitted from Dr. Ambler on behalf of the Special Fund and Dr. Gallinek on behalf of the claimant at the

hearing held on April 30, 1947 that each doctor would testify in accordance with the information contained in his report in the event that the doctors were produced to testify and were cross-examined respectively upon the said reports.''

The evidence indicates that when the lump sum settlement of $5,000 was approved on July 10, 1934, the interested parties knew that the carrier was insolvent and in the process of liquidation and that in all probability only a fractional part of that amount would be actually paid. Judgments against the employer were uncollectible. The final payment by the conservator of the carrier's assets was made on December 20, 1943.

The board reopened the claim pursuant to an application dated December 24, 1946.

Subdivision 1 of section 25-a of the statute imposes liability upon the Fund for Reopened Cases, if an application for compensation is made: '' (2) after a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation ''.

To summarize: the accident occurred on March 10, 1932. The case was closed with an award on July 10, 1934. The board then held that claimant was permanently partially disabled. The last payment of compensation was made on December 20, 1943. The application to reopen was made on December 26, 1946.

Appellant contends that the award under review was made in violation of subdivision 7 of section 25-a and that the board had no authority to reopen the case.

Subdivision 7 of section 25-a was enacted as part of chapter 686 of the Laws of 1940 and reads as follows: '' 7. For the purposes of this section the date of the last payment of compensation shall be deemed to mean the date of actual payment of the last installment of compensation previously awarded; provided, however, that where the case is disposed of by the payment of a lump sum, the date of last payment for the purpose of this section shall be considered as the date to which the amount paid in the lump sum settlement would extend if the award had been made on the date the lump sum payment was approved at the maximum compensation rate which is warranted by the employee's earning capacity as determined by the board under section fifteen of this chapter.''

The correct solution of the problem presented for decision involves the construction of that language.

Counsel for appellant asserts that in fixing the date of the last payment in order to apply the three-year limitation there must have been actual payment in full of all the compensation

which previously had been awarded. He bases his argument on the first clause of the sentence which states: "For the purposes of this section the date of the last payment of compensation shall be deemed to mean the date of actual payment of the last installment of compensation previously awarded * * *."

We are dealing with a statute which should receive a liberal and a broad construction in order to effectuate the humane purposes for which the law was enacted.

Both counsel agree that the first clause inserted in 1940, was to nullify the effect of our decision in *Matter of Kiriloff* v. *A. G. W. Wet Wash Laundry* (257 App. Div. 37, appeal dismissed 282 N. Y. 466). The subsequent history of that case established that there was no necessity for corrective legislation (293 N. Y. 222).

In our opinion the interpretation which appellant places upon the language employed in the clause in question is illogical and entirely too narrow. That clause must be read and construed in connection with the complete sentence. As so read and construed it means the actual date of the last payment of an installment of compensation or the actual date of the last payment of compensation. A reading of the proviso clause in this subdivision dealing with lump sum settlements confirms this view. The lump sum settlement of $5,000 was approved on July 10, 1934, and that settlement would extend at the claimant's weekly rate of compensation of $23.08 to a period not later than 1939. Thus, whether the date of the last payment of compensation be considered as made in 1939, or the actual date of payment, December 20, 1943, the three-year time limitation of section 25–a has been satisfied.

In the case at bar claimant is permanently disabled as a result of an industrial accident. His employer and its insurance carrier are insolvent. He cannot collect the whole amount awarded to him from either. Under those circumstances unless he may resort to the Special Fund he must look to charity in order that he may live. That is just the result that would happen if we were to adopt appellant's reasoning. We think the Legislature never intended by the enactment of subdivision 7 to exclude claimant and all others in a like situation from participating in the benefits conferred by section 25-a and hence the board very properly charged the Fund for Reopened Cases with liability.

We are also of the opinion that the board was justified in reopening the case. When the case was originally closed in 1934,

the medical evidence was conflicting as to whether claimant's condition was a permanent total disability or a partial disability. At that time the representative of the conservator of the carrier objected to a finding of permanent total disability and introduced medical evidence which disclosed that claimant's condition was one of a partial disability. Dr. Sheehan testified on behalf of the conservator and unequivocally stated that claimant was not totally disabled. A question of fact was presented and the board made a finding of partial disability, from which no appeal was taken, and it also rescinded previous findings of permanent total disability.

When claimant applied to reopen his case in 1946, he produced medical evidence to support his claim of permanent total disability. No one denies that such is his present condition. The proof is clear that his condition has become progressively worse. The proof is also clear that there was a change of condition which occurred subsequently to the closing of the case in 1934.

The award should be affirmed, with costs to the Workmen's Compensation Board.

HILL, P. J., BREWSTER, FOSTER and DEYO, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.