In the Matter of the Claim of NICHOLAS LIKEPITIES, Respondent, against DONNER STEEL COMPANY, Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 29, 1951.

*John M. Cullen* for appellant.

*Donald Urquhart* for claimant-respondent.

*Solon J. Stone* for employer-respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

Deyo, J.   Claimant was injured May 31, 1929, as the result of an industrial accident.   He was paid compensation up to August 15, 1934, at which time the board approved a lump sum settlement in the amount of $7,000 and the case was closed.   An application to reopen was made July 16, 1948, at which time it developed that claimant had suffered further accidental injuries while working for other employers, which the board found were responsible for 50% of his then total disability, the other 50% being assessed against the Special Fund for Reopened Cases. It is the latter portion of the award which is the subject of this appeal.   It is the fund's contention that the claim against it is barred by the provisions of subdivision 6 of section 25-a and section 123 of the Workmen's Compensation Law, the case having been more than eighteen years old at the time of the reopening and more than eight years having expired from the date of the last payment of compensation.

It would require little argument to support this contention had it not been for an amendment made in 1935, which added the substance of the present subdivision 7 to section 25-a of the Workmen's Compensation Law, and which provided in substance, that lump sum settlements should be projected forward on the basis of the rate of compensation established at the time of the closing of the case in order to determine the date of the last payment of compensation.   (L. 1935, ch. 482, eff. April 25, 1935.)   The question presented is whether this amendment is to be applied retroactively to a settlement completed the year before the amendment became effective.

In the absence of a clear expression of legislative intention to give retroactive effect to a statute, it may be accorded prospective application only.   (*People ex rel. Emigrant Ind. Sav. Bank* v. *Sexton,* 259 App. Div. 566, affd. 284 N. Y. 57; *Rhodes* v. *Sperry & Hutchinson Co.,* 193 N. Y. 223.)   We find nothing in the language of the amendment in question or in its manifest purpose to indicate any intention that it should be accorded retroactive effect.   On the contrary, it specifically states that it is to take effect " immediately."   It is doubtful that an amendment such as this which materially extends the time within which a claim may be asserted can be classified as merely a procedural change to be retroactively applied.   On the day before the amendment became effective, claimant concededly had no remedy.   On the day after, if it is to be given retroactive effect, such remedy existed.   To supply a remedy where none previously existed is to create a new right of action.   (*Jacobus*

v. *Colgate,* 217 N. Y. 235, 240.) That question, however, need not be decided, for we are presently concerned with a question of legislative intent rather than legislative power and, as noted, there is no evidence of such intent before us. Moreover, the case is not one of first impression in this court, since it has already been held that this amendment may not be applied retroactively to a settlement effected before the date of the amendment. (*Matter of Tipton* v. *Lang's Bakery,* 250 App. Div. 696, affd. 275 N. Y. 572.) To the same effect see *Matter of Hester* v. *Antoniette* (252 App. Div. 823). The cases upon which the board apparently based its decision and upon which it pins its argument for affirmance, do not seem to furnish authority for giving retroactive effect to the amendment involved. In *Matter of Cretella* v. *New York Dock Co.* (289 N. Y. 254) the settlement itself called for biweekly payments over an extended period of time, which were continued until within a few months before the case was reopened. In *Matter of Esterow* v. *Schimel, Son & Lustig* (274 App. Div. 325) the retroactive effect of the statute was apparently neither considered nor passed upon. We fail to note in what respect the other cases cited are relevant to the issue herein presented.

Since, in our opinion, subdivision 7 of section 25-a may not be applied retroactively to a lump sum settlement approved before its enactment, August 15, 1934, must be taken as the date when compensation was last paid. More than eight years having elapsed between such payment and the date of application to reopen, as well as more than eighteen years from the date of injury, this case falls squarely within the limitation imposed by subdivision 6 of section 25-a and section 123 of the Workmen's Compensation Law, and the award against the Special Fund cannot stand.

The award should be reversed and claim dismissed against the Special Fund for Reopened Cases, without costs.

Foster, P. J., Bergan and Coon, JJ., concur; Heffernan, J., dissents and votes to affirm.

Award reversed, on the law, and claim dismissed against the Special Fund for Reopened Cases, without costs.