In the Matter of the Claim of SAMUEL SCHUN, Respondent, against U. S. O. CAMP SHOWS, INC., et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—
Appeal by the Special Fund for Reopened Cases under section 25-a from a decision and award of the Workmen's Compensation Board. The claimant was employed as a dancer with the U. S. O. in the South Pacific on February 15, 1945 when during a rehearsal he experienced a pain in his back while lifting another dancer and collapsed with the other dancer falling upon him. X rays of his back revealed spondylolisthesis, a congenital condition. The claimant finished the tour in October and filed a claim in November, 1945. In February, 1946 the case was closed until the claimant should request a hearing. At this time claimant was in California. In 1950 the claimant requested a hearing, was informed he needed proof of causal relationship and the case was adjourned several times to allow him to obtain such proof. In the meantime an operation was performed on his back and in May, 1952 the operating physician testified that there was no causal relationship. At this hearing the claimant was not present, being in Mexico, but his sister was informed that if the necessary

medical proof was not obtained the case would be closed and it was closed in September, 1952. On December 22, 1952 the claimant filed a formal application to reopen stating that he had evidence of causal relationship but no medical report was received until December, 1955 and the case was then reopened. In June, 1956 the Referee ruled that section 123 of the Workmen's Compensation Law, which had been raised by the Special Fund, did not apply to this case. Thereafter medical testimony was taken from medical witnesses for the claimant and the Special Fund and also from an impartial specialist to whom the case was referred. The Referee found that the case had been reopened as of December 22, 1952, established causal relationship, and made an award against the Special Fund from December 22, 1950 to August 18, 1951. The board found a continuing disability and restored the case to the Referee's calendar where a permanent partial disability was established. The issues raised on this appeal are the applicability of section 123, the lack of substantial evidence indicating causal relationship and whether the date of reopening was properly set as December 22, 1952. The purpose of section 123 is not to bar claims such as the present one where the claimant has continued to assert and attempted to establish his claim throughout the seven-year period (*Matter of Kaplan* v. *Wirth & Birnbaum*, 301 N. Y. 121). There is substantial medical evidence in this record indicating that the accident in 1945 aggravated the underlying spondylolisthesis. Testimony to this effect was given by the doctor who testified for the claimant and the impartial specialist to whom the case was referred. As to the date of reopening, the question is whether it was properly set as the date the formal application was received in December, 1952 or if it should be December, 1955 when the medical report was received. The Special Fund makes a strong argument for the latter date based on *Matter of Watkins* v. *Cornwall Press* (270 App. Div. 615). However, in the present case no action was taken on the 1952 application until after the medical report was received in 1955 and it was the only formal application to reopen that was made. In view of *Matter of Frank* v. *Rypinski* (2 A D 2d 616) upholding the power of the board to act on an application to reopen several years after it was made and indicating that it is a discretionary matter, the decision reopening this case as of the date the application was received should not be disturbed. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.